STATE OF NORTH CAROLINA v. ADA ALTMAN

No. 728SC478

(Filed 12 July 1972)

1. **Searches and Seizures § 3— affidavit for search warrant — hearsay — confidential informant**

An affidavit to obtain a search warrant for narcotics may be based on hearsay from an undisclosed informant and need not reflect the personal observations of the affiant, but the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were present and from which the affiant concluded that the informant was credible and reliable.

2. **Searches and Seizures § 3— warrant to search for narcotics — affidavit**

Affidavit by a deputy sheriff stating that an informant had personal knowledge of the delivery of narcotic drugs and marijuana to defendant's residence at a specified time and date, that the sheriff's department had observed an unusual amount of traffic in and out of defendant's residence during the preceding year and had received other reports that defendant was dealing in drugs, and that the confidential informant "has proven reliable and credible in the past," *held* sufficient to support the issuance of a warrant to search defendant's residence and person for narcotics.

3. **Searches and Seizures § 3— affidavit — confidential informant — reliability**

Statement in an affidavit to obtain a search warrant that a confidential informant "has proven reliable and credible in the past" meets minimum standards for setting forth circumstances from which the affiant concluded that the informant was reliable.

4. **Criminal Law § 84; Searches and Seizures § 3— motion to suppress — sufficiency of affidavit for search warrant — failure to hold voir dire**

The trial court did not err in failing to conduct a *voir dire* hearing on the admissibility of evidence which defendant moved to suppress where defendant's challenge to the evidence was based on the sufficiency of the affidavit in support of a search warrant, and the affidavit and warrant were before the trial court.

APPEAL by defendant from *Cowper, Judge,* at the 17 January 1972 Session of WAYNE Superior Court.

Defendant was charged in a bill of indictment with possession of more than one gram of marijuana, which was a felony at that time.

The defendant entered a plea of not guilty.

At the trial, the State introduced evidence which, if believed, would tend to show that on 24 January 1971, Deputy

Sheriff Isaac Coley obtained a warrant to search the person and property of defendant Ada Altman. Armed with this warrant and accompanied by several other law enforcement officers, Deputy Coley went to defendant's residence in Goldsboro. The warrant was read to defendant, and a search of the residence was conducted. The officers then put defendant into a police car to take her to the police station where she was to be searched by the jailor's wife. In the police car, Deputy Coley and defendant sat in the back seat. When they arrived at the police station, Coley got out of the automobile and went around to the other side to open the door for defendant. As Coley approached the door on defendant's side of the automobile, he observed her take something wrapped in kleenex from her bosom and drop it on the ground outside of the automobile. The substance found in the kleenex was subsequently analyzed and found to be more than one gram of marijuana. Defendant was taken to the jail and searched by Mrs. Cobb, but nothing further was found. The marijuana was admitted into evidence over defendant's objection. No voir dire examination into the legality of the search was conducted.

Defendant testified in her own behalf and denied that she had ever seen the marijuana before Deputy Coley picked it up off the ground. She testified that when she got out of the police car, Deputy Coley said, "Mrs. Altman, you dropped something," and then he reached down and picked up something from the ground. Defendant testified that she told the officer she had not dropped anything. Defendant's son also testified as to the search of defendant's residence by the officers.

The jury returned a verdict of guilty and judgment was entered imposing a prison sentence.

From the verdict and judgment, defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the State.*

*Herbert B. Hulse for defendant appellant.*

CAMPBELL, Judge.

Defendant assigns as error the admission into evidence of the marijuana alleged to have been seized from defendant.

State v. Altman

Defendant contends that admission of this evidence was error because the affidavit on which the search warrant was based was insufficient and because no *voir dire* examination was conducted prior to the admission of this evidence.

Defendant argues that the supporting affidavit does not contain sufficient facts to support the issuance of a search warrant.

[1] G.S. 15-25 provides that a search warrant may be issued by any of the specified judicial officers upon a finding of probable cause for the search. An affidavit indicating the basis for the finding of probable cause must be a part of or attached to the warrant. G.S. 15-26. An affidavit may be based on hearsay from an undisclosed informant and need not reflect the personal observations of affiant, but the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were present and some of the underlying circumstances from which the affiant concluded that the informant was credible and reliable. *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964).

[2, 3] The affidavit in question is based on information given the affiant by an informer and substantiated by the affiant and other members of the Wayne County Sheriff's Department. The affiant stated that an informant had personal knowledge of the delivery of narcotic drugs and marijuana to the residence of defendant at 4:30 p.m. on 24 January 1971. Affiant stated that the Sheriff's Department had observed an unusual amount of traffic in and out of defendant's residence during the preceding year and other reports had been received that defendant was dealing in drugs. This affidavit is specific and detailed. It sets forth substantial underlying facts establishing probable cause for a search. The affidavit must also set forth circumstances from which the officer concluded that his informant was reliable. The affiant stated that the confidential informant, "has proven reliable and credible in the past." We are of the opinion that the circumstances set forth in support of the informant's reliability are the irreducible minimum on which a warrant may be sustained. The statement that the informant has proven reliable in the past is a statement of fact and not a mere conclusion. While we do not approve of such brevity in an affidavit, it does meet the minimum standards. See *State v. Moye*, 12 N.C. App. 178, 182 S.E. 2d 814 (1971).

" . . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. . . . " *United States v. Ventresca,* 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741.

We hold that this affidavit was sufficient and the search warrant, being adequate in all other respects, was valid.

[4] The defendant assigns as error the failure of the trial court to conduct a voir dire when defendant moved to suppress the evidence obtained under the warrant.

The voir dire is an examination out of the presence of the jury for the purpose of determining some preliminary question of fact. It is purely a procedural device. In ruling on some objections, particularly objections to the introduction of confessions or evidence seized without a warrant, it appears that a voir dire would almost always be necessary. For example, in ruling on the admissibility of a confession, the judge must find whether it was made voluntarily and it would appear that a voir dire is the only method for making such a determination. However, the case before us does not involve such an objection. The defendant has challenged the search warrant on the grounds that the affidavit (which is attached to the warrant) is insufficient. The affidavit and warrant were before the trial court. The sufficiency of the affidavit would appear from the face of the document itself. The affidavit is all that need be examined in order for the judge to rule on the challenge made here. Since all the evidence pertinent to this particular challenge was before the court, there was no need to conduct a voir dire. The trial court examined the affidavit and found it to be sufficient. The judge was asked to rule on a question which could be answered from the face of the affidavit and under these circumstances the defendant could not have been prejudiced by the trial court's failure to conduct a voir dire. We agree that a voir dire is the proper procedure where there is a motion to suppress evidence on the grounds that it is illegally obtained. *State v. Myers,* 266 N.C. 581, 146 S.E. 2d 674 (1966). But it is not required in every case. *State v. Eppley* and *State v. Block,* (filed 24 May 1972) ; *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

We emphasize that defendant here has challenged the sufficiency of the affidavit itself, and we confine our decision in this case to that fact.

We hold that, in the circumstances of this case, it was not error for the trial court to rule on defendant's motion without conducting a voir dire.

In this trial we find,

No error.

Chief Judge MALLARD and Judge BRITT concur.