STATE OF NORTH CAROLINA v. FRED MABERY

No. 31

(Filed 11 April 1973)

**1. Criminal Law § 112—instruction on reasonable doubt**

A trial judge is not required to define the phrase "beyond a reasonable doubt" unless specifically requested to do so; however, when he undertakes to do so the definition should be substantially in accord with definitions approved by the Supreme Court.

**2. Criminal Law § 112—instruction on reasonable doubt — approval of definition**

Trial judge's instruction that reasonable doubt is "a doubt based upon reason, arising from a thorough and impartial consideration of all the evidence in the case, or lack of evidence as the case may be" and that it is a state of mind in which one does "not feel an abiding conviction amounting to a moral certainty of the truth of the charge" is substantially in accord with definitions of reasonable doubt approved by the Supreme Court.

APPEAL by defendant from *Cohoon, J.,* 2 October 1972 Session of PITT Superior Court.

Defendant was tried upon bills of indictment charging him with rape and kidnapping. The cases were consolidated for trial, and defendant entered a plea of not guilty to each charge.

The State offered evidence tending to show that on 14 August 1972, at about 9:00 p.m. Gwendolyn Hooks, the 15-year-old prosecuting witness, and a female companion of the same age were walking home from a cafe located in Ayden, North Carolina. Defendant came up behind Gwendolyn and placed a knife upon the back of her neck, forced her into the back seat of his car, and drove to a field. He was ordered away by a person who lived adjacent to the field. Defendant then drove to a nearby tobacco field where he forcibly and against her will had intercourse with Gwendolyn Hooks. Thereafter defendant started back toward Ayden and met Gwendolyn's uncle, Wilbur Hooks, who pursued defendant's automobile at high speed to a place beyond Winterville, North Carolina, where defendant jumped out of the car and ran into the woods. Gwendolyn was found in the back seat of defendant's car and carried home. Defendant was taken into custody on the same night.

Defendant offered no evidence.

The jury returned verdicts of guilty as charged in each case.

Defendant appealed from judgments entered on the verdicts.

*Attorney General Morgan; Assistant Attorney General Robert G. Webb and Assistant Attorney General Charles M. Hensey for the State.*

*Richard Powell for defendant.*

*Samuel S. Mitchell for defendant.*

PER CURIAM.

The sole question presented for decision is whether there is prejudicial error in the trial judge's additional instructions on reasonable doubt.

Counsel for defendant correctly concedes that the court's original instructions were ample and free from error. *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386; *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133.

After the case had been submitted to the jury, the foreman of the jury requested additional instructions on reasonable doubt. In answer to this request Judge Cohoon additionally charged:

"I will preface that instruction by saying that the defendant is presumed to be innocent until the contrary, that is, his guilt is proved to your satisfaction beyond a reasonable doubt. If you have a reasonable doubt as to whether or not the guilt of the defendant has been proven, he is entitled to be acquitted. The State does not have to prove the charge beyond all possible doubt before a conviction can be had. But the State must prove the defendant guilty beyond a reasonable doubt before you can convict. The phrase reasonable doubt means just what the words imply. It is a doubt based upon reason, arising from a thorough and impartial consideration of all the evidence in the case, or lack of evidence as the case may be. It is that state of mind in which you do not feel an abiding conviction amounting to a moral certainty of the truth of the charge. While you cannot convict the defendant on mere surmise or conjecture, neither should you go outside the evidence to imagine doubt to justify an acquittal. If, after careful deliberation, you are

convinced to a moral certainty that the defendant is guilty of the crime charged, then you are satisfied beyond a reasonable doubt; otherwise, not. . . ."

[1] A trial judge is not required to define the phrase "beyond a reasonable doubt" unless specifically requested to do so. However, when he undertakes to do so the definition should be substantially in accord with definitions approved by this Court. *State v. Flippin,* 280 N.C. 682, 186 S.E. 2d 917; *State v. Hammonds, supra.*

[2] Judge Cohoon's additional charge on reasonable doubt is substantially in accord with definitions heretofore approved by this Court. *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745; *State v. Flippin, supra; State v. Hammond, supra; State v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *State v. Schoolfield,* 184 N.C. 721, 114 S.E. 466.

There was no error in the trial judge's additional instructions on reasonable doubt.

We have carefully examined this entire record and find no prejudicial error.

**No error.**