STATE OF NORTH CAROLINA v. FATE ELLER

No. 7823SC4

(Filed 6 June 1978)

Searches and Seizures § 24— affidavit supporting search warrant—informant's tip —sufficiency of affidavit

> An affidavit was sufficient to support issuance of a search warrant where the affidavit alleged that defendant had a reputation with local law enforcement personnel as a drug user and dealer; within 30 days of issuance of the warrant an informer had told the affiant of drugs at defendant's home; a second informer reported to the affiant that he had seen drugs in defendant's house within the preceding 36 hours; and the informer had cooperated with the affiant in the past by making a supervised drug buy at defendant's residence.

APPEAL by defendant from *Kivett, Judge.* Judgments entered 12 August 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 27 April 1978.

Defendant was indicted for possession of marijuana with intent to sell and for possession of LSD with intent to sell. These cases were consolidated for trial with charges of possession of phencyclidine (PCP) and dextropropoxyphene (Darvon).

The State's evidence tended to show that officers of the Wilkes County Sheriff's Department and of the SBI served a search warrant on defendant at his home on 22 April 1977. After a *voir dire* hearing, the court found that the search conducted pursuant to the warrant was in all respects lawful and that the fruits of the search were admissible in evidence. The State then showed by expert testimony that the contents of an ammunition box found at the Ellers' residence during the search included 150 grams of marijuana, LSD in powder and tablet form, 5 tablets of phencyclidine, and 1 tablet of dextropropoxyphene. The evidence tended to show that defendant admitted ownership of the ammunition box.

Defendant denied ownership of the ammunition box and any contact with drugs. His wife testified that the box and its contents were hers, that she used drugs and owned those put into evidence, including the Darvon pill (dextropropoxyphene) which had been prescribed for her by a dentist.

The jury found defendant guilty of all charges. Judgments including prison sentences were entered on the convictions involving intent to sell. Sentences were suspended on the other charges.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Franklin Smith, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court erred in allowing the State to introduce as evidence the material seized pursuant to the search of defendant's home on 22 April 1977. He alleges that the facts presented to the magistrate were not sufficient as a matter of law to support a finding of probable cause for the issuance of the search warrant. To be sufficient, an application must set forth facts and circumstances from which the magistrate can judge the validity of the informant's conclusion that the evidence sought is at the indicated place and facts and circumstances from which the magistrate may conclude that the information passed on is credible. *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969); *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964).

The affidavit attached to this warrant showed first that defendant had a reputation with local law enforcement personnel as a drug user and dealer. Secondly, it showed that within 30 days of the issuing of the warrant an informer had told Officer Combs, the affiant, of drugs at defendant's home. More helpfully, the affidavit shows that a second informer reported to Combs that he had seen drugs in the house within the preceding 36 hours. These allegations, if credible, are sufficient to support the conclusion that probable cause to search exists. *State v. Hayes,* 291 N.C. 293, 230 S.E. 2d 146 (1976); *State v. Singleton,* 33 N.C. App. 390, 235 S.E. 2d 77 (1977).

The defendant asserts, however, that there are no circumstances shown from which the magistrate could conclude that the second informer's information was credible. In addition to the above circumstances, the affidavit contained a report that this informer had cooperated with Officer Combs in the past by making a supervised drug buy at the defendant's residence. This history of cooperation was sufficient basis from which the magistrate could conclude that this informer was reliable and that his information was credible. *See State v. Hayes* and *State v. Singleton, supra.* The affidavit was sufficient to support the search warrant; therefore, the drugs seized under that warrant were properly admitted into evidence.

Defendant's second major assignment of error deals with the instruction to the jury explaining the legal term, reasonable doubt. "A trial judge is not required to define the phrase 'beyond a reasonable doubt' unless specifically requested to do so. However, when he undertakes to do so the definition should be substantially in accord with definitions approved by this Court." *State v. Mabery,* 283 N.C. 254, 256, 195 S.E. 2d 304, 306 (1973). Judge Kivett's charge on reasonable doubt is substantially in accord with the law of this State. *State v. Mabery, supra; State v. Flippin,* 280 N.C. 682, 186 S.E. 2d 917 (1972); *State v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146 (1940). There was no prejudicial error in the instructions.

No error.

Judges PARKER and WEBB concur.