STATE OF NORTH CAROLINA v. RICKY ALAN WILLIAMS

No. 805SC350

(Filed 7 October 1980)

**Searches and Seizures § 24– affidavit for search warrant – credibility of informant – time when narcotics observed**

An officer's statement in an affidavit to obtain a search warrant that a reliable and confidential informant who furnished information to him "has been used by [another named officer] in the past and information given by the source has proven correct in all cases" met the minimum standard for setting forth the circumstances from which the affiant concluded that the informant was reliable. Furthermore, the officer's statement in the affidavit that the confidential informant had contacted the officer within the past 36 to 48 hours and told the officer that he had personally observed a large quantity of hashish in defendant's apartment and that part of the original quantity had already been disposed of furnished a reasonable basis for the issuing magistrate to conclude that the informant observed the hashish so recently that reasonable cause existed to believe that hashish could be found in defendant's apartment at the time of the issuance of the warrant.

APPEAL by the State pursuant to G.S. 15A-979(c) from *Llewellyn, Judge.* Order entered 9 January 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 11 September 1980.

Defendant was indicted for possession of hashish with intent to sell. He moved to suppress evidence seized during a search of his apartment pursuant to a search warrant, alleging that the warrant had been issued on an affidavit which did not state that the affiant knew the informant, which did not include sufficient detail to provide corroboration, which contained only conclusory information, and which contained no details from which the magistrate could conclude that the information was not stale.

Defendant's motion was allowed. The State appealed pursuant to G.S. 15A-979(c).

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Harry E. Payne, Jr., for defendant appellee.*

ERWIN, Judge.

The State contends that the presiding judge erred in allowing defendant's motion to suppress the evidence seized from his premises pursuant to a search warrant. The trial court allowed defendant's motion on two grounds: (1) The search warrant is conclusory, in that sufficient information as to the reliability of the informant was not contained in the affidavit. (2) The time period wherein the alleged contraband was to be in existence in the residence was not sufficiently identified. For the reasons that follow, the order suppressing the evidence seized from defendant's premises is reversed.

The affidavit in the case *sub judice* states:

"That on or about 10/26/79, the Affiant was advised by Det. G.H. Deitz of the New Hanover Sheriff Dept. that within the past 36 to 48 hrs., a confidential and reliable source had contacted him in reference to the above residence. The source has been used by Det. Deitz in the past and information given by the source has proven correct in all cases. The source related to Det. Deitz that he had personally observed a large quantity of a substance known to him as Hashish in the apartment occupied by one Ricky Williams at 313 Greenville Ave., Wilmington, NC. The source further stated that part of the original quantity had already been disposed of."

In *State v. Altman,* 15 N.C. App. 257, 189 S.E. 2d 793 (1972), *cert. denied,* 281 N.C. 759, 191 S.E. 2d 362 (1973), this Court held that a statement in an affidavit to obtain a search warrant that a confidential informant "has proven reliable and credible in the past" meets the minimum standard for setting forth the circumstances from which the affiant concluded that the informant was reliable. "The statement that the informant has proven reliable in the past is a statement of fact and not a mere conclusion." *Id.* at 259, 189 S.E. 2d at 795. This court held in *State v. Brown,* 20 N.C. App. 413, 415, 201 S.E. 2d 527, 529 (1974), *appeal dismissed,* 285 N.C. 87, 204 S.E. 2d 21 (1974), that "'[t]he affiant received information from a reliable informant who in the past has provided reliable information concerning the drug traffic in Greenville . . .'" was sufficient for the issuance of a search warrant. *See also State v. Eller,* 36 N.C. App. 624, 244 S.E. 2d 496 (1978); *State v. Caldwell,* 25 N.C. App. 269, 212 S.E. 2d 669

(1975). We hold that the affidavit in question meets the minimum requirements from which the affiant concluded that the informant was reliable.

In his motion to suppress, defendant alleged that the affidavit was insufficient, because the affiant in this case did not state that he personally had used the informant in the past and found his information to be reliable. We hold that inasmuch as another sheriff department officer had found this informant to be reliable in the past was sufficient for the affiant to rely on him. *See State v. Ellington,* 284 N.C. 198, 200 S.E. 2d 177 (1973).

The second ground upon which the trial court concluded that the warrant was not issued upon probable cause rested upon the fact that the affidavit did not state the date that the informant allegedly observed hashish in defendant's apartment. This contention was answered by this Court in *State v. Cobb,* 21 N.C. App. 66, 69, 202 S.E. 2d 801, 804 (1974), *cert. denied,* 285 N.C. 374, 205 S.E. 2d 99 (1974), wherein Judge Vaughn wrote for the Court:

"Defendant contends that the affidavit does not disclose when the informer observed the activities referred to in the affidavit and that they could have occurred several years prior to the issuance of the warrant. It is true, of course, that one component in the concept of probable cause is the time of the happening of the facts relied upon. Here the magistrate could realistically and reasonably conclude from the affidavit that the informer observed the events so recently that reasonable cause existed to believe that the illegal activities were occurring at the time of the issuance of the warrant. When the affidavit is considered in the light of common sense, the existence of probable cause for issuance of the warrant is clear and this and defendant's other objections are dispelled."

The order suppressing the evidence seized in this case is reversed and the case is remanded for trial.

Remanded for trial.

Judges ARNOLD and WELLS concur.