## State of Vermont v. Robert M. Ellis

[542 A.2d 279]

No. 85-547

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned

Opinion Filed January 22, 1988

*Marc D. Brierre*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** This is an appeal from a judgment of the Vermont District Court revoking probation and imposing a previously suspended sentence of four to seven years imprisonment. Defendant argues that the probation department's one year delay in executing a warrant for his arrest for a probation violation denied him his rights to due process and prompt justice. We disagree and affirm.

Defendant was convicted of aggravated assault in September, 1982, and was sentenced to a term of four to seven years suspended, with three years to serve. At the time of his conviction, defendant was on probation for a matter which occurred in Florida sometime prior to his arrest in Vermont; he was in Vermont in violation of his Florida probation. Upon defendant's release from prison on May 18, 1984, it was understood by the parties that he would have his probationary sentence in Vermont transferred to Florida for supervision. However, the transfer from Vermont to Florida was never officially consummated.

One of the conditions of defendant's Vermont probation was that he report to his Vermont probation officer within 24 hours of his release from custody in order to notify the probation officer of his address or place of employment. Defendant failed to do this, so on June 18, 1984, upon application of the Vermont probation officer, a warrant was issued for the arrest of defendant on the basis of his violation of probation.

On June 26, 1984, defendant was arrested in Florida for grand theft and for violating his Florida probation. He was incarcerated in Florida from July, 1984, until October, 1984, on the basis of the probation violation, and on October 10, 1984, defendant was sentenced to 18 months to be served concurrently with a two year sentence previously imposed for the violation of probation. Both sentences were to run concurrently with the Vermont sentence.

By early July, the Vermont probation officer learned of defendant's whereabouts, and in October, the officer was advised that defendant had been found in violation of his Florida probation and convicted of grand theft and sentenced to two years in prison. No detainer was issued to the State of Florida by the State of Vermont and no request for extradition was made by either the State or defendant.

Defendant remained incarcerated in Florida until May, 1985. He returned to Vermont in June, 1985, and was arrested on the basis of the warrant which issued in June, 1984, for his violation of the Vermont probation.

Defendant was found in violation of the conditions of his probation for failing to report to his probation officer, for leaving the state without permission from his probation officer, and for having been convicted of a crime committed while he was on probation. His original sentence of four to seven years was reimposed with full credit given for all time served in Vermont and Florida.

Defendant made a motion to dismiss the probation violation, which was denied by the trial court. Defendant now appeals the reimposition of his original sentence arguing that the State's delay in executing the arrest warrant was a violation of his constitutional right to due process and speedy justice.

28 V.S.A. § 301 states that: "[a]t any time before the discharge of the probationer or the termination of the period of probation . . . [t]he court may summon the probationer to appear before it or may issue a warrant for his arrest." The current statutes regarding revocation of probation make no mention of any further requirements regarding the time in which a probationer must be brought before the court for an alleged probation violation.[1] Citing cases from other jurisdictions, defendant argues that in the context of both probation and parole, the State may not delay execution of a warrant for an unreasonable or unjustified time. However, the cases defendant cites for this proposition interpret federal and state statutes which are materially different from our own in that they include words such as "as speedily as possible," or involve delays beyond the probationary period and in excess of 9 years. See, e.g., *Greene* v. *Michigan Department of Corrections*, 315 F.2d 546, 547 (6th Cir. 1963) (delay of 9 years, 7 months between taking parolee into custody and date of alleged violation); *United States* v. *Hill*, 719 F.2d 1402, 1404 (9th Cir. 1983) (statute's language required probationer be taken before the sentencing court "as speedily as possible"); *Commonwealth* v. *Smith*, 266 Pa. Super. 234, 403 A.2d 1326 (1979) (probation revocation hearing must be held "as speedily as possible"); *United States* v. *Companion*, 545 F.2d 308, 310 (2d Cir. 1976) (statute requires probationer to be taken before a court "as speedily as possible"). See also *United States* v. *Tyler*, 605 F.2d 851, 853 (5th Cir. 1979) (A one year delay, coupled with probation officer's obvious decision not to raise these charges in a previous hearing, is fundamentally unfair.); *United States* v. *Gernie*, 228 F. Supp. 329 (S.D.N.Y. 1964) (probation violation warrant executed 11 years after its issuance; court held it had no jurisdiction beyond probationary period). Our statute has no requirement of speedy execution; thus, we find no statutory bar on a one year delay in execut-

---

[1] The only time requirement specified in current statutes regarding probation is V.R.Cr.P. 32.1(a)(1), which requires a prompt probable cause hearing whenever a probationer is held in custody on the grounds of a violation of probation.

ing a warrant for defendant's arrest for a probation violation. *In re Parker*, 107 Vt. 463, 474, 181 A. 106, 111 (1935); see *United States* v. *Bartholdi*, 453 F.2d 1225, 1226 (9th Cir. 1972); see also *State* v. *Johnson*, 563 F.2d 362, 364 (8th Cir. 1977) (four year delay in execution of probation violator's warrant was not denial of due process).

■ Defendant argues that the one year delay in executing the probation violation warrant was a violation of his constitutional rights to due process and speedy justice.[2] An accused's right to a prompt inquiry into criminal charges is fundamental, and the charging authority has a duty under the Sixth Amendment to provide a prompt trial. *Strunk* v. *United States*, 412 U.S. 434, 437 (1973) (citing *Dickey* v. *Florida*, 398 U.S. 30, 37-38 (1970)). However, the right to speedy trial does not attach where an arrest warrant has been issued but no other action taken. See *United States* v. *Lovasco*, 431 U.S. 783, 788-89, *reh'g denied*, 434 U.S. 881 (1977) (cannot dismiss indictment for undue delay where defendant was not yet arrested); *United States* v. *MacDonald*, 456 U.S. 1, 9 (1982); *Morrissey* v. *Brewer*, 408 U.S. 471, 480 (1972). But see *State* v. *Snide*, 144 Vt. 436, 442, 479 A.2d 139, 143 (1984) (time for computing speedy trial violation begins to run at date of citation) (dictum). In *United States* v. *Marion* the United States Supreme Court explained that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." 404 U.S. 307, 320 (1971); *Tiemens* v. *United States*, 724 F.2d 928, 929-30 (11th Cir.), *cert. denied*, 469 U.S. 837 (1984). Thus, we find no violation of defendant's constitutional right to a speedy trial.

■ It is uncontroverted that probationers have specific rights under the due process clause of the Fourteenth Amendment. *Bearden* v. *Georgia*, 461 U.S. 660, 672-73 (1983). However, in order to make out a constitutional claim, defendant must show that a delay was both unreasonable and prejudicial to his rights. See

---

[2] While defendant asserts a violation of his constitutional rights under both the federal and the Vermont constitutions, he fails adequately to address how his rights under the Vermont constitution might differ from those given him under the federal constitution. Therefore, we decline to apply Vermont constitutional analysis for the first time on appeal, absent any showing of extraordinary circumstances. See *State* v. *Maguire*, 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985).

*United States* v. *Wickman,* 618 F.2d 1307, 1310-11 (9th Cir. 1980); *Reese* v. *United States Bd. of Parole,* 530 F.2d 231, 235 (9th Cir.), *cert. denied,* 429 U.S. 999 (1976). Further, as the trial court acknowledged, although a preindictment delay can be a due process violation, the United States Supreme Court has held that, to prove a violation of due process, the defendant must show both that he suffered actual prejudice to the conduct of his defense and that the delay was intentional and caused by a desire to gain tactical advantage. *Marion,* 404 U.S. at 324; see also *Morrissey* v. *Brewer,* 408 U.S. at 480 (revocation of parole is not part of a criminal prosecution so full rights due defendant in a criminal prosecution do not apply); *United States* v. *Marler,* 756 F.2d 206, 213-14 (1st Cir. 1985) (lengthy preindictment delay did not violate defendant's due process rights since no actual prejudice resulted and delay was not undertaken to gain tactical advantage over the accused); *Tiemens,* 724 F.2d at 929 (same).

Defendant has shown no prejudice in this case. He made no effort to resolve the outstanding probation violation while in Florida, and was given full credit for all time served in Florida. He has made no claim that the delay has prejudiced his defense in the probation revocation hearing, or that the State intentionally caused the delay to gain a tactical advantage. Therefore, we find that the one year delay in execution of the warrant to arrest defendant for violating the terms of his probation was not a violation of his constitutional right to due process or speedy justice. The trial court's judgment revoking defendant's probation and imposing a previously suspended sentence is without error.

*Affirmed.*