2009 VT 1

# State of Vermont v. Na-Im Robinson

[969 A.2d 127]

No. 07-321

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed January 16, 2009

*William H. Sorrell*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, and *Rebecca Turner*, Appellate Defender, Montpelier, for Defendant-Appellant.

¶ 1. **Reiber, C.J.** Defendant Na-Im Robinson appeals from the Addison District Court's denial of his motion to suppress evidence

obtained upon execution of a search warrant on his vehicle. We conclude that the judge lacked probable cause to issue the warrant. Thus, we reverse.

¶ 2. On May 6, 2004, a Vermont police officer received information from a confidential informant that a twenty-six-year-old black male named "Naim" would be driving to Vermont from Pennsylvania with cocaine in his vehicle. The informant described the vehicle as a silver Ford Taurus with New Jersey license plates, and said that it would enter Vermont on Route 4 and then "probably" travel north on Route 30 toward Middlebury between 12:30 and 1:30 p.m. that day. Based on this information, the officer traveled south from Middlebury to Route 4, where he turned west toward the New York border. He soon saw a silver Taurus with New Jersey plates, driven by a young black male, traveling east. He turned around to follow the vehicle. The officer observed that the vehicle was speeding, and also saw it make an illegal pass.

¶ 3. After calling in another officer to assist, the first officer pulled the vehicle over and identified defendant as the driver. The officers informed defendant that they had reason to believe he was trafficking cocaine, which he denied. Defendant also denied consent to search the vehicle. He called his mother, a Middlebury resident, and she came to pick him up. He left his car with the officers, and they impounded the vehicle and applied for the search warrant at issue here.

¶ 4. In the affidavit in support of the search warrant, one of the officers stated that the informant "has provided me reliable and creditable information in the past. I have been able to verify this [informant's] previous information and found it creditable. This [informant] is cooperating . . . for financial reasons and not because of current criminal charges." The affidavit, which was typed, also had a handwritten addendum stating that "[t]he information this [informant] has provided has concerned Addison County cocaine deals, their customers, addresses, and vehicles that they are driving. I have been able to confirm that this information was accurate." Based on the affidavit, the court found probable cause to issue a search warrant for the car and any containers therein. Upon executing the warrant, the officers found eighteen plastic baggies containing a total of approximately ten ounces of cocaine in a suitcase in the trunk, along with drug paraphernalia.

¶ 5. Defendant moved to suppress the evidence obtained in executing the search warrant on the basis that the affidavit in support of the warrant established neither the informant's reliability nor the basis of his or her knowledge. The trial court denied the motion, finding that the affiant's statement, although it did not contain "great detail," was sufficient to conclude that the informant had provided reliable information in the past.

¶ 6. Our review of the trial court's finding of probable cause is deferential. *State v. Goldberg*, 2005 VT 41, ¶ 8, 178 Vt. 96, 872 A.2d 378. "Generally, probable cause exists when the affidavit sets forth such information that 'a judicial officer would reasonably conclude that a crime had been committed and that evidence of the crime will be found in the place to be searched.'" *Id.* (quoting *State v. Morris*, 165 Vt. 111, 129, 680 A.2d 90, 102 (1996)). We view the affidavits in support of probable cause in a "common sense manner" and do not subject them to "hypertechnical scrutiny." *State v. Defranceaux*, 170 Vt. 561, 562, 743 A.2d 1074, 1075 (1999) (mem.) (internal quotations and citation omitted). When, as in this case, the finding of probable cause rests on hearsay incorporated into an affidavit, we employ the two-part approach codified in Vermont Rule of Criminal Procedure 41.[1] The rule requires that there be "a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." V.R.Cr.P. 41(c).

¶ 7. Defendant argues that the affidavit in this case did not meet either the credibility requirement or the factual-basis requirement. We agree that the affidavit was insufficient to establish the credibility Rule 41 requires.

---

[1] The test embodied in the rule is based on two United States Supreme Court cases, *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969). See Reporter's Notes, V.R.Cr.P. 41; *State v. Morris*, 165 Vt. 111, 129, 680 A.2d 90, 102 (1996). The United States Supreme Court has since abandoned *Aguilar* and *Spinelli* in favor of the "totality of the circumstances" analysis propounded in *Illinois v. Gates*, 462 U.S. 213 (1983). *Gates* has been widely criticized, and many other state courts have declined to follow it as a matter of state law. See generally 2 W. LaFave, Search & Seizure § 3.3(a), at 106 n.26 (4th ed. 2004) (citing state cases); *id.* at 107-13 (criticizing *Gates*, citing critical commentary). We need not consider whether we would follow *Gates* as a matter of Vermont constitutional law because the governing Rule of Criminal Procedure continues to contain the *Aguilar* and *Spinelli* requirements.

236

■ ■ ¶ 8. Credibility may be established "in either of two ways: (1) by demonstrating [the informant's] inherent credibility as a source; or (2) by demonstrating the reliability of the information he or she has provided on the occasion in question." *Goldberg*, 2005 VT 41, ¶ 11. Defendant contends that the affidavit did not establish the informant's inherent credibility because the affiant's statements about the informant's past performance were so "conclusory" and "vague" as to prevent the judge from making an "independent judicial determination" of the informant's credibility. See *Aguilar*, 378 U.S. at 114-15. Instead, defendant contends, the court had to rely solely upon the officer's assessment of credibility. We agree with defendant that the information available to the judge was insufficient to allow the independent credibility assessment our law requires.

■ ¶ 9. An informant's inherent credibility is often established by evidence that he or she has provided accurate information in the past. *Morris*, 165 Vt. at 130, 680 A.2d at 102-03. There is a split in the state and federal courts as to whether an officer's bare assertion that an informant is "credible" or "reliable," or that the information provided was "true" or "correct," is sufficient to support a finding of inherent credibility. See 2 W. LaFave, *supra*, § 3.3(b), at 123 nn. 99-112 (citing cases). There is broad agreement, however, that an affiant's statement that an informant has provided information leading to arrests, convictions, or the discovery of admissible evidence does suffice to show inherent credibility. *Id.* at 121; see also, e.g., *McCray v. Illinois*, 386 U.S. 300, 304 (1967) (expressing "no doubt" that there was probable cause for warrant based on officer's testimony that informant had provided information resulting in numerous convictions of named individuals); *United States v. Formaro*, 152 F.3d 768, 770 (8th Cir. 1998) (informant's credibility established by affiant's recitation that informant "had supplied information fifteen times and the information had led to two search warrants, four arrests and five drug charges").[2] Here, the situation is somewhere between these two extremes. As noted, the officer stated that the informant:

---

[2] We considered the question of what level of past performance would suffice to show credibility in *State v. Maguire*, 146 Vt. 49, 498 A.2d 1028 (1985), but in that case we applied the totality-of-the-circumstances analysis from *Gates* because the defendant failed to preserve his arguments based on the Vermont Constitution and, apparently, Rule 41. We had no difficulty concluding that the *Maguire* informant's past information, which had led to numerous controlled drug purchases, arrests,

has provided me reliable and creditable information in the past. I have been able to verify this [informant's] previous information and found it creditable. . . . The information this [informant] has provided has concerned Addison County cocaine deals, their customers, addresses and vehicles that they are driving. I have been able to confirm that this information was accurate.

This statement amounts to something more than a bare assertion of reliability, and presents a close question. The officer affirmed that the informant's past information had "concerned" illegal activities, but did not aver that the information had led to convictions, arrests, evidence, or even search warrants. It will be useful to review the cases from the several other jurisdictions that, like Vermont, still apply the *Aguilar/Spinelli* standard, as well as the United States Supreme Court's pre-*Gates* cases.

¶ 10. In Alaska, the courts require more than a mere assertion that an informant has provided reliable information in the past. *Clark v. State*, 704 P.2d 799, 804 (Alaska Ct. App. 1985). Rather, the affidavits must aver that the informant's past information resulted in particular arrests or convictions. *Schmid v. State*, 615 P.2d 565, 575 (Alaska 1980) (informant worked with police for four years and had provided information resulting in ten seizures of narcotics). In Massachusetts, even a statement that an informant had "previously provided information which led" to the arrest of a named individual was held insufficient, because the affidavit failed to specify what sort of information the informant had provided, or how that information was connected to the arrest. *Commonwealth v. Rojas*, 531 N.E.2d 255, 258 (Mass. 1988).

¶ 11. There is some authority for the proposition that an affidavit like this is sufficient to establish credibility, but we do not find it persuasive. In Washington, a line of cases seems to suggest that bare assertions that an informant has given reliable information in the past are sufficient to allow a magistrate to make an independent assessment of credibility. See *State v. Smith*, 756 P.2d 722, 726 (Wash. 1988) (en banc); *State v. Woodall*, 666 P.2d 364, 366 (Wash. 1983) (en banc). But the Washington cases that arguably suggest that affiants' conclusions about credibility are sufficient all misrepresent the facts and reasoning of the earlier

---

and search warrants that had been upheld on appeal, was sufficient to establish credibility. *Id.* at 54, 498 A.2d at 1031.

case on which they rely, omitting to mention that the affidavit in that case, in addition to stating that the informant was "reliable" and had given "true and correct" information in the past, stated that the informant had made controlled drug purchases as well. See *State v. Fisher*, 639 P.2d 743, 746 (Wash. 1982) (en banc). We are not persuaded by the rather pro-forma analysis in the cases purporting to apply *Fisher*.

█ ¶ 12. The pre-*Gates* cases from the United States Supreme Court also support the conclusion that the affidavit here did not establish probable cause. Most closely on point is *Jones v. United States*, 362 U.S. 257 (1960). In that case, the Court held that an informant's credibility was established, and the issuance of a warrant proper, because the affiant stated not only that the informant had provided accurate information in the past, but also that the defendant was known to the police as a narcotics user, and that the informant's information was corroborated by other sources. *Id.* at 271. Here, the confidential informant was the only source of the information relied on by the affiant, defendant was otherwise unknown to the police, and there were no other indicia of credibility. The judge here was not informed, as *Aguilar* and our cases require, "of the *underlying circumstances* from which the officer concluded that the informant . . . was 'credible' or his information 'reliable.' " *Aguilar*, 378 U.S. at 114 (emphasis added). As the *Aguilar* Court noted, conclusory affidavits present the spectre — offensive to constitutional guarantees — that " 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate' . . . but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime.' " *Id.* at 115 (quoting *Giordenello v. United States*, 357 U.S. 480, 486 (1958), and *Johnson v. United States*, 333 U.S. 10, 14 (1948)).

¶ 13. Indeed, the information in the affidavit here is similar to language disapproved under the *Aguilar/Spinelli* framework by the United States Court of Appeals for the Fifth Circuit in *United States v. Acosta*, 501 F.2d 1330 (5th Cir. 1974). The affidavit in *Acosta* stated that the informant had "on other occasions assisted Federal Agents in initiating cases" but provided no detail as to the nature of that assistance. *Id.* at 1331. The *Acosta* court held this language insufficient to establish reliability because it said "nothing about whether the cases thus initiated were successfully prosecuted, whether they were based on information supplied by

the informant, or if so, whether the information proved to be accurate." *Id.* at 1332. Here, the affidavit is similarly vague as to the nature of the past information purportedly provided by the informant, and left the judge equally unable to make an independent evaluation of the facts underlying the officer's determination that the informant was credible. " 'The "reliable information in the past" recital . . . lacks any factual indication of how reliable the informer is. The magistrate is, in effect, relying upon the factual determination of the arresting officer that the informer is sufficiently reliable, and not upon his own independent judicial determination.' " 2 W. LaFave, *supra*, § 3.3(b), at 125 (quoting Comment, 53 Cal. L. Rev. 840, 846 (1965)).

¶ 14. Although the affidavit here did provide more information than that in *Aguilar*, the additional information did little or nothing to allow the judge independently to draw the inference that the informant was credible and that illegal drugs were therefore likely to be found in defendant's vehicle. The mere statement that the informant had in the past provided unspecified, albeit purportedly "creditable," "accurate," or "reliable" information that "concerned" drug deals or dealers does not establish the informant's inherent credibility.

¶ 15. The State also contends, however, that the affidavit established that the informant's information on this particular occasion was credible, even if the affidavit was insufficient to show the informant's inherent credibility. The State's argument on this point is that the information provided here — namely, that defendant would be driving a silver Ford Taurus on a specified highway at a specified time — was sufficiently corroborated by police "to the point where it [was] reasonable for them to rely on it as accurate." *Morris*, 165 Vt. at 130, 680 A.2d at 102-03.[3] While we agree with the State that predictive information could, in a different case, provide such a wealth of detail about future behavior as to be effectively self-verifying, this is not such a case.

¶ 16. Our recent decision in *State v. Goldberg* is instructive on this point. In that case, an informant seeking leniency on an unrelated criminal charge was cooperating with police in a drug

---

[3] The State does not argue that the informant's statements on this occasion were credible by reason of being against his or her penal interest. Cf. *State v. Ballou*, 148 Vt. 427, 435 n.3, 535 A.2d 1280, 1284 n.3 (1987) (fact that informant's statement to affiant was against informant's penal interest had bearing on judge's assessment of informant's reliability).

investigation. The informant told the officer that marijuana was being grown in a specified house by certain named individuals. The officer "corroborated" the allegations by driving by the house and by determining, via a DMV records check, that some of the named persons lived in the house. The officer observed no suspicious activity during his drive-by surveillance. We held that the corroboration of mere innocent details did not prove that the informant's allegations of drug offenses were reliable. 2005 VT 41, ¶ 14. We noted that, while the officer's efforts "did corroborate some of the peripheral details of [the informant's] story, [they] did nothing to confirm the allegations *of criminal conduct.*" *Id.* (emphasis added). "Overall," we noted, "the affidavit provided little evidence that [the officer] had corroborated [the informant's] information about the marijuana growing operation." *Id.*

■ ¶ 17. Cases in other jurisdictions on more similar facts support this conclusion. The Supreme Court of Appeals of West Virginia concluded, in *State v. Hlavacek,* that probable cause was not established by the mere corroboration that the defendant's vehicle was proceeding down a well-travelled highway in a direction consistent with the informant's allegation. 407 S.E.2d 375, 382 (W. Va. 1991). The court held that, although "[i]ndependent police work may corroborate information contained in an affidavit," the corroborated details "must be both significant and specific in order to . . . impart some degree of reliability upon the confidential source of the information." *Id.* In *Hlavacek,* the court noted, the corroboration "consisted of nothing more than . . . that the appellant was not at home and then later [that he was] driving on a nearby well-travelled highway in a direction which happened to be consistent with the informant's information." *Id.*

¶ 18. Similarly, the New Jersey Supreme Court, applying the *Gates* standard but acknowledging the continued vitality of *Aguilar* and *Spinelli,* has required corroboration of more than mere innocent details. See *State v. Smith,* 713 A.2d 1033, 1040-41 (N.J. 1998). The *Smith* court held that probable cause was absent because the police had corroborated nothing more than "neutral information" concerning the defendant's description and location. *Id.* at 1041. In *Smith,* the informant told the officer that the defendant would be going in and out of the lobby of his building making drug sales, but the officer observed only that the defendant was standing outside the building. The court noted that "the police corroboration did not include the observation of any suspi-

cious drug transaction or criminal activity." *Id.* Here, as in *Smith,* the "police corroboration only of the suspect's description and location did not bolster the tip's reliability or add to its weight." *Id.* The information corroborated in our case was not "significant" or "specific," *Hlavacek,* 407 S.E.2d at 382, and thus was insufficient to support a finding of probable cause.[4]

¶ 19. Accordingly, the search warrant should not have issued, and the motion to suppress the evidence obtained via its execution should have been granted. As in *Goldberg,* the application of the exclusionary rule here "encourages police to diligently corroborate information from a potentially unreliable source." *Goldberg,* 2005 VT 41, ¶ 19. Because we conclude that the affidavit did not provide a sufficient basis to conclude that the confidential informant was credible, and that conclusion is dispositive of the appeal, we do not reach defendant's argument that the affidavit also failed to demonstrate the basis of the informant's knowledge.

*Reversed and remanded.*

---

[4] We note finally that several of the cases cited by the State on this point are reasonable-suspicion cases, and thus have little application to this case, which concerns the higher probable-cause standard. See *State v. Cunningham,* 2008 VT 43, 183 Vt. 401, 954 A.2d 1290; *State v. Crandall,* 162 Vt. 66, 644 A.2d 320 (1994). We express no opinion on whether the facts here sufficed to establish reasonable suspicion, but note that it is entirely possible that a confidential informant's tip might provide a reasonable suspicion to support an initial stop, but not probable cause for a search or arrest. See, e.g., *United States v. Campbell,* 920 F.2d 793, 797 (11th Cir. 1991).