State v. Steele

———————————

STATE OF NORTH CAROLINA v. PEGGY STEELE

No. 7326SC128

(Filed 9 May 1973)

1. Searches and Seizures § 3— error in affidavit — sufficiency of affidavit to support warrant

Statement in an affidavit concerning defendant's prior narcotics conviction was error because it was based on erroneous information though the error was not known to the officer making the affidavit; however, the error was immaterial because the trial court found that the affidavit was nevertheless sufficient on its face to support a finding of probable cause for the issuance of the search warrant for narcotics, and evidence obtained as a result of the search under the warrant was properly admitted.

State v. Steele

2. Searches and Seizures § 4; Criminal Law § 175— legality of entry —
review of findings on appeal

There was competent evidence to support the trial court's finding
that police legally entered defendant's residence after knocking and
identifying themselves and searched the apartment for narcotics, and
this finding is not disturbed on appeal.

3. Criminal Law § 84— search under warrant — glassine bags — con-
tents not analyzed — admissibility of bags

Defendant was in no position to object to the admission into evi-
dence of nine of the ten glassine bags found on her person where the
evidence tended to show that all ten bags were wrapped together
when removed from defendant, that a chemical analysis was made
on only one of the bags and that bag was found to contain heroin
and that a visual examination only was made of the contents of the
other bags since all the bags were competent to show what the search
of defendant's premises produced and since the evidence of the con-
tents of the one tested glassine bag was sufficient for a conviction of
possession of a quantity of narcotic drugs.

APPEAL from *Grist, Judge,* at the 17 July 1972 Schedule "C"
Session of Superior Court held in MECKLENBURG County.

Defendant was charged in two indictments with (1) unlaw-
ful possession of a quantity of narcotic drugs (heroin) and (2)
unlawful possession of a hypodermic syringe and needle.

The State's evidence tended to show the following. On 7
September 1971, based on information from a confidential
informant, Officer G. W. Nesbitt of the Charlotte Police Depart-
ment obtained a search warrant to search the premises at Apart-
ment 97, Fairview Homes, 1216 Oaklawn Avenue in Charlotte,
N. C. for narcotic drugs. At 3:00 a.m. on that date, Officer
Nesbitt, accompanied by several other members of the Charlotte
Police Department, proceeded to this residence. Officer Nesbitt
knocked on the front door, defendant answered the door, par-
tially opened it, and asked who was there. Officer Nesbitt
identified himself as a policeman, whereupon defendant turned
and ran up the stairs to the second floor. Officer Nesbitt followed
defendant up the stairs to a bedroom where he saw defendant
put in or remove something from her bra. Officer Nesbitt then
read the search warrant and proceeded to search the apartment.
A search of the apartment produced no narcotic drugs, but did
produce a hypodermic syringe and needle. Defendant was ar-
rested and taken to the Mecklenburg County Jail. At the jail,
defendant was searched by a matron and a quantity of powder
wrapped in plastic was found in her bra. The plastic package

taken from defendant contained 10 glassine envelopes. A chemical analysis of one of the envelopes revealed that it contained heroin.

Defendant's evidence tended to show the following: that she was living at her mother's apartment on Oaklawn Avenue; that on 7 September 1971 at 3:00 a.m., she had just returned home from visiting some nightclubs with two friends; that she heard noise from the rear of the apartment and heard one of her friends scream; that she ran up the stairs and when she turned around an officer was facing her; that the police had broken down the rear door to the apartment, and that suddenly there were officers upstairs and down; that no one displayed or read a search warrant to her; that one of the officers conducted a search of her person to which both she and her mother objected; that she was placed under arrest when one of the officers purported to find hypodermic syringes; that she had a package wrapped in smooth foil in her bra, but that package was not the same as the one introduced by the State; that she had found a package under a bush and put it in her bra, but that she did not know its contents; that it cost $35 to replace the rear door to the apartment; that defendant had not used drugs for 2 years.

At the conclusion of the State's evidence, the trial court allowed defendant's motion for judgment as of nonsuit as to the charge of possession of a hypodermic syringe and needle. Upon a verdict of guilty to the charge of unlawful possession of a quantity of narcotic drugs, defendant was sentenced to 2-3 years imprisonment. Defendant appealed.

*Attorney General Morgan, by Associate Attorney Wall, for the State.*

*Peter H. Gerns for defendant.*

BROCK, Judge.

[1] Defendant excepts to the trial court's refusal to suppress the evidence obtained as a result of the search of the premises at 1216 Oaklawn Avenue. Defendant contends that the search warrant was invalid because it was based on an affidavit by Officer Nesbitt which contained erroneous information, *i.e.*, that defendant had previously been convicted of a narcotics violation.

When this issue was raised at trial a *voir dire* was conducted. The trial judge found as a fact that the information in Officer Nesbitt's affidavit concerning defendant's prior narcotics conviction was error because it was based on erroneous information, and that this error was not known to the officer. However, this error is immaterial because the trial court found that Officer Nesbitt's affidavit was nevertheless sufficient on its face to support a finding of probable cause for the issuance of the search warrant. *See State v. Moye,* 12 N.C. App. 178, 182 S.E. 2d 814. The search warrant and affidavit are not a part of the record before us. We, therefore, accept the findings of the trial court with respect thereto. This assignment of error is overruled.

[2] Defendant excepts to the trial court's findings of fact and conclusion of law on *voir dire* that the police had entered the defendant's apartment legally, and also to the trial court's failure to suppress the evidence found as a result of the search following the entry. The court's findings of fact are binding on this Court if supported by any competent evidence, even though there is evidence to the contrary. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.,* 279 N.C. 313, 182 S.E. 2d 373. The trial court conducted a *voir dire* on this issue and there was competent evidence to support its findings of fact and conclusion of law. Evidence obtained from the legal entry and search of the apartment was properly admissible at trial. This assignment of error is overruled.

[3] Defendant excepts to the introduction into evidence of nine of the ten glassine bags found on defendant. A chemical analysis was made on only one of the glassine bags, and that bag was found to contain heroin. The chemist who conducted the test testified that he made a visual examination of the substance in each glassine bag, but made no chemical analysis of the contents of more than one of the bags. Nevertheless, the ten glassine bags were wrapped together when taken from defendant's person. They were competent in evidence to show what the search produced and to corroborate the officer's testimony. The evidence of the contents of the one tested glassine bag was sufficient for a conviction of possession of a quantity of narcotic drugs. This assignment of error is overruled.

No error.

Judges HEDRICK and VAUGHN concur.