STATE OF NORTH CAROLINA v. ALVIN DUANE SINGLETON

No. 762SC945

(Filed 1 June 1977)

1. Searches and Seizures § 3— validity of search warrant — voir dire — when informant saw drugs — contents of warrant

In a *voir dire* hearing to determine the admissibility of marijuana seized pursuant to a search warrant, the trial court did not err in refusing to permit defendant to elicit information as to precisely when an informant saw defendant with the drugs where the affidavit stated that the informant had seen drugs in the possession of defendant at his residence "within the last 48 hours," since the magistrate could have reasonably concluded from this information that the drugs were still in defendant's possession, and defendant was not entitled to know the precise moment they were seen; nor did the court err in refusing to permit defendant to ask an officer what the warrant authorized officers to search, since the warrant was the best evidence of its contents.

2. Searches and Seizures § 3— search warrant — sufficiency of affidavit

An officer's affidavit stating that an informant had seen drugs in defendant's possession at his residence within the past 48 hours and that he had provided reliable information in the past was sufficient to establish probable cause for the issuance of a warrant to search defendant's residence.

State v. Singleton

3. **Narcotics § 3— expert on controlled substances — apparatus used in smoking marijuana**

Where the trial court found that an SBI agent was an expert in the field of controlled substances, the court did not err in permitting the agent to testify that officers seized "several types of smoking apparatus usually used in the smoking of marijuana."

4. **Narcotics § 3— weight of marijuana — testimony not hearsay**

An officer's testimony that the total weight of seized marijuana was 265.5 grams was not inadmissible as hearsay, although he testified that he did not weigh the drug, where the officer stated that he was present when the weight was taken and saw the weights on the scales, and it is therefore apparent that he was testifying from firsthand knowledge.

APPEAL by defendant from *Webb, Judge.* Judgment entered 29 June 1976 in Superior Court, MARTIN County. Heard in the Court of Appeals 14 April 1977.

Defendant was indicted for felonious possession of a controlled substance, to wit: more than one ounce of marijuana. He entered a plea of not guilty and was convicted by a jury on the charge. Judgment was entered sentencing defendant to imprisonment for a term of 2 years.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Moore and Moore, by Regina A. Moore, for defendant appellant.*

MORRIS, Judge.

At trial, a voir dire was conducted to determine the admissibility of the marijuana seized pursuant to a warrant to search the premises. The affidavit accompanying the warrant stated, *inter alia,* that Deputy Sheriff Jerry V. Beach received information from a 'reliable informant' on 11 May 1976 that defendant had in his home various drugs, including marijuana and LSD; that the informant "has seen drugs" in defendant's possession at his residence "within the last 48 hrs."; and that Beach had "known my informa. . . for about 10 yrs. He is reliable and has given me reliable info. in the past and has never told me a lie about anything to my knowledge."

Beach testified that the warrant was read to defendant when the officers arrived at defendant's home. Beach asked defendant to come with him to another room, whereupon defendant stated that he would fully cooperate with the officers. Beach advised defendant of his rights and asked him to turn over any illegal drugs in his possession. Defendant then stated that some drugs had come through the mail for another person which he opened by mistake. Upon request, defendant took the officers to his room and handed them a box containing the marijuana.

[1] Defendant's counsel attempted to elicit testimony from Beach concerning precisely when the informant had seen defendant with the drugs and what the warrant authorized the officers to search. The district attorney objected to both questions, and the objections were sustained. By his first and second assignments of error, defendant contends that the trial judge committed prejudicial error in refusing to permit these questions. We disagree.

Although the time the informant saw the drugs at defendant's residence is one component in the concept of probable cause, defendant is not entitled to know the precise moment they were seen, so long as the affidavit otherwise shows facts from which a magistrate could reasonably determine that probable cause to search exists. *State v. Cobb,* 21 N.C. App. 66, 202 S.E. 2d 801, *cert. den.,* 285 N.C. 374, 205 S.E. 2d 99 (1974). The affidavit in the present case, unlike that in *Cobb,* narrowed down the informant's observation to within 48 hours of the time the warrant was obtained. We believe that the magistrate, acting upon this information, could reasonably conclude that there was probable cause to believe that the drugs were still in defendant's possession. As for defendant's question relating to the scope of the warrant's authorization, the warrant itself was the best evidence of its contents. Accordingly, it was not prejudicial error to overrule this question. Examination of the record reveals that defendant had a full and fair opportunity to adequately question Deputy Beach concerning possible defects in the warrant and affidavit. These assignments are overruled.

[2] By his third assignment of error, defendant contends that the trial judge erred in finding that the warrant was valid and in overruling the motion to suppress. In order to establish probable cause to search based on an informant's tip, an affidavit

must contain facts showing that there is illegal activity or contraband in the place to be searched and underlying facts which indicate that the informant is credible or that the information is reliable. *Spinelli v. U. S.,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969) ; *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964) ; *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972). The affidavit in the present case alleged that the informant had seen the drugs within the preceding 48 hours and that he had provided reliable information in the past. These facts, though brief, are sufficient to establish probable cause for the issuance of a warrant. *See State v. Cumber,* 32 N.C. App. 329, 232 S.E. 2d 291 (1977) ; *State v. Altman,* 15 N.C. App. 257, 189 S.E. 2d 793, *cert. den.,* 281 N.C. 759, 191 S.E. 2d 362 (1972). This assignment is overruled.

[3]   The State called as a witness Fred Cohoon, a special agent with the State Bureau of Investigation. During the course of Cohoon's direct examination, the trial court found as a fact that Cohoon " . . . is an expert in the field of controlled substances." Thereafter, Cohoon testified, over objection, that officers seized " . . . several types of smoking apparatus usually used in the smoking of marijuana." Defendant moved to strike the answer, and the motion was denied. By his fourth assignment of error, defendant maintains that the evidence was improperly admitted. We disagree. Cohoon was found by the trial court to be an expert witness in the area of controlled substances. Such a finding is within the discretion of the trial court, whose ruling is conclusive unless there is no evidence to support the ruling or unless there is an abuse of discretion. *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548 (1956) ; 1 Stansbury, N. C. Evidence, § 133, p. 430 (Brandis Rev. 1973). Having determined that Cohoon was an expert as to controlled substances, the trial court could then properly permit him to relate what he saw and render his opinion with respect thereto. *See State v. Stewart,* 156 N.C. 636, 72 S.E. 193 (1911). This assignment is overruled.

[4]   Cohoon also testified, over objection, that although he did not weigh the marijuana, its total weight was 265.5 grams. Defendant assigns as error the admission of this testimony on the grounds that Cohoon's testimony as to the total weight of the marijuana was inadmissible hearsay. We cannot agree. Cohoon did not weigh the drug, but he stated that he was present when its weight was taken and "saw the weights . . . on the pharmacy scales." Thus it is apparent that Cohoon was testifying from

firsthand knowledge, and his testimony as to weight was competent. This assignment is overruled.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and ARNOLD concur.