State v. Kramer

―――――――――

STATE OF NORTH CAROLINA v. JOHN GARRETT KRAMER

No. 791SC779

(Filed 19 February 1980)

1. **Searches and Seizures § 47— validity of search warrant—good faith of affiant—accuracy of information**
   G.S. 15A-978(a) permits a defendant to contest the validity of a search warrant by attacking the good faith of the affiant in providing the information for the warrant, not by attacking the factual accuracy of the information relied on to establish probable cause.

2. **Searches and Seizures § 24— probable cause for warrant to search apartment—incorrect identification of defendant in warrant**
   Probable cause existed for the issuance of a warrant to search defendant's apartment for narcotics where an officer's affidavit stated that a confidential informant had told him that at the described premises a man, described in detail, had given the informant marijuana and hashish, and the affidavit contained further information from which the magistrate could determine that the unnamed informant was reliable, notwithstanding defendant was named in the warrant because he was the tenant of the apartment and was reported by another officer to match the person described, and defendant's roommate but not defendant met the description of the person who had given marijuana and hashish to the informant.

APPEAL by the State from *Reid, Judge.* Order entered 11 June 1979 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 17 January 1980.

Defendant was indicted for possession of butabarbital (Case #79CRS155) and more than one ounce of marijuana (Case #79CRS156), which were seized in his apartment pursuant to a search warrant. Defendant moved to suppress the evidence seized, on the ground that he was incorrectly identified in the search warrant. The warrant was issued for the rear upstairs apartment at 115 Selden Street, on the basis of information received by Corporal Hoffman from a reliable confidential informant that he had been given marijuana and hashish in that apartment by a red-headed, freckle-faced white male, approximately 22 years old, 5' -5'6" tall, weight 150 lbs. Defendant was named in the warrant because he is the tenant of that apartment and was reported by another officer to match the description. Defendant is a 22-year-old white male, but he has brown hair, no freckles, is 6'1" tall and weighs 185 lbs. Curtis Lee Litchfield, who shared defendant's apartment, matches the description in the warrant.

At the hearing on defendant's motion, the State presented evidence that both Litchfield and defendant were present during the search, and each pointed out to the officers which was his bedroom. A search of the premises revealed controlled substances and other items which were seized. Nothing was found on defendant's person.

Corporal Hoffman testified that his informant did not know the name of either of the residents of the apartment, so the informant gave him a description of the man from whom he had received marijuana and hashish. The only way Hoffman knew to put a name on the search warrant was to get the name of the tenant of the apartment. He got defendant's name from the light and water departments. He also relied on a statement made to him by Officer Williams that Williams knew defendant, and that defendant matched the description the informant had given. When Hoffman entered the apartment to search, he could see that defendant did not fit the description, but that Litchfield did.

The trial court found that "there was no probable cause for the issuance of a warrant against the person or premises of

[defendant]," and ordered the evidence suppressed. The State appeals.

*Attorney General Edmisten, by John H. Byers and Tom Ziko, for the State.*

*White, Hall, Mullen, Brumsey & Small, by John H. Hall, Jr., for defendant appellee.*

ARNOLD, Judge.

The search warrant in this case was issued for a person, defendant, and for certain described premises. It is now uncontradicted that in fact it was not defendant who was described by the informant as participating in the drug transaction at these premises. Defendant argues that because this portion of the affidavit supporting the search warrant has been shown to be factually inaccurate, the entire warrant must fail.

The State contends that we may disregard the information in the affidavit which later proved to be erroneous, and that when we do, we will find that the remaining information is sufficient to establish probable cause for a search of the premises. See *State v. Louchheim,* 296 N.C. 314, 250 S.E. 2d 630 (1979); *State v. Steele,* 18 N.C. App. 126, 196 S.E. 2d 379 (1973). We find it more appropriate, however, to consider all the information contained in the affidavit, including that which subsequently proved to be erroneous. The magistrate is required to determine the presence or absence of probable cause upon the basis of the information he has before him. It has never been held that he must inquire into the factual accuracy of that information before reaching a decision.

> In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched; and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant.

*Dumbra v. United States,* 268 U.S. 435, 441, 69 L.Ed. 1032, 1036, 45 S.Ct. 546, 549 (1925).

[1]   Defendant argues that he has established the invalidity of the warrant by showing the untruthfulness of the underlying information as provided for by G.S. 15A-978(a). That statute provides, however, for an attack on the good faith of the affiant in providing the information, not on the factual accuracy of the information relied upon to establish probable cause. Accord, *State v. Winfrey,* 40 N.C. App. 266, 252 S.E. 2d 248, *cert. denied* 297 N.C. 304, 254 S.E. 2d 922 (1979). There is no showing here of a lack of good faith on Officer Hoffman's part, and defendant makes no argument to that effect. Accordingly, no "untruthfulness" under G.S. 15A-978(a) has been established.

[2]   We have no difficulty in finding that probable cause existed for the issuance of this warrant. Officer Hoffman's affidavit indicated that a confidential informant had told him that at the described premises a man, described in detail, had given the informant marijuana and hashish. The affidavit contained further information from which a magistrate could determine that the unnamed informant was reliable. This information is sufficient. See *State v. Beddard,* 35 N.C. App. 212, 241 S.E. 2d 83 (1978); *State v. Singleton,* 33 N.C. App. 390, 235 S.E. 2d 77 (1977).

The trial court's conclusion that there existed no probable cause for the issuance of this search warrant is error. The order appealed from is

Reversed.

Judges PARKER and WEBB concur.