STATE OF NORTH CAROLINA v. GUS FRANKLIN ESTEP

No. 8222SC796

(Filed 5 April 1983)

1. **Searches and Seizures § 24— probable cause to issue search warrants—information from confidential informant**

   An officer's affidavit based on information received from a confidential informant was sufficient to show that the informant was reliable and that contraband was present in the place to be searched so as to justify a finding of probable cause for issuance of a search warrant where the affidavit stated that the informant had given the affiant information for the past six months which had proven to be reliable in that it had been verified but had not yet led to arrest, and the affidavit further stated that the informant had seen approximately 10 pounds of marijuana at defendant's home two days earlier.

2. **Searches and Seizures § 24— affidavit for search warrant—information from unnamed informant through another officer**

   An affidavit for a search warrant was not inadequate because it failed to disclose clearly on its face that knowledge of the informant's statements was obtained by the affiant, a police officer, through an SBI agent.

3. **Searches and Seizures § 40— search under warrant—seizure of items not listed in warrant—"plain view" doctrine**

   Two stolen vehicles were lawfully seized by officers under the "plain view" doctrine during a search of defendant's premises pursuant to a warrant to search for narcotics where the evidence showed that officers intended to search for and seize the narcotics specifically referred to in the search warrant in the places where they were likely to be found; the vehicles were discovered when the garage, which was attached to defendant's house, and a vehicle in a detached building were searched for narcotics; the application for the search warrant stated that the unnamed informant had seen drugs stashed in the garage area and automobiles at defendant's residence; and upon searching the two vehicles, officers became suspicious and determined that the two vehicles had been stolen within the last two months.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 5 April 1982 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 8 February 1983.

Defendant pleaded guilty to felonious possession of marijuana, two counts of possession of a stolen vehicle and drug trafficking in methaqualone, after the trial court denied defendant's pre-trial motion to suppress evidence obtained during a search of his residence. From judgments entered pursuant to his plea of guilty, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General John F. Maddrey, for the State.*

*Bruce C. Fraser, for defendant-appellant.*

EAGLES, Judge.

[1] Defendant's first assignment of error questions the sufficiency of the affidavit upon which probable cause to issue the warrant to search defendant's home was based. We hold that the affidavit was sufficient.

An affidavit sufficient to form a basis for a finding of probable cause to search must contain facts indicating that there are reasonable grounds to believe that illegal activity is being carried on or that contraband is present in the place to be searched. *State v. Hayes,* 291 N.C. 293, 230 S.E. 2d 146 (1976); *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964). Where an unidentified informant is relied upon, the affidavit must contain some of the underlying facts and circumstances which show that the unidentified informant is credible or that the information he furnished is reliable. *Id.* Here, the affidavit stated that:

> On Sept. 21, 1981 Affiant met with Confidential Source of Information, who is known by affiant, SBI Agent John Burns and Chief Deputy Jim Johnson [sic] Confidential Source of Information has given this affiant and SBI Agent Burns information for the past six months that has proven to be reliable. This information has been verified but has not led to arrests as of this date. Confidential Source of Information stated on Sept. 21, 1981 they have been in the presence of Gus Estep during the last year, that on several occasions

Source has purchased quantities of cocaine and marijuana, the latter being turned over to SBI Agent Burns for submittal to Raleigh Lab. The Source has seen on one occasion in Jan. 1981 one kilo of cocaine and in Feb. 1981 approx. fifty pounds of marij... at the Estep home. On the week-end of Sept. 12, 1981 Source saw approx six pounds of marij... at the Estep home and on the week-end of Sept. 19, 1981 Source saw approx ten pounds of Mar... at the Estep home. Confidential Source stated that the Drugs are kept in the living room and bedroom area of the home and has seen on occasions drugs stashed in the kitchen cabinet, Garage area and automobiles at the residence of Estep.

Confidential Source states Estep is a major dealer in Cocaine and Marijuana in North Carolina and was arrested in Guilford Co. N.C. for the sale of 100 pounds to an SBI Agent this year.

This affiant checked with SBI Agent Burns and Agent Burns stated Gus Franklin Estep was arrested in Jamestown, N. C. on Feb. 9, 1981 and charged by the SBI and Guilford Co. Sheriff Dept. with Felonious Possession with intent to sell and deliver Schedule VI Felonious Delievery [sic] of Schedule VI and Trafficing [sic] of Schedule VI, also that after the arrest and seizure of approx 100 pounds of marijuana Gus Estep was searched and charged with Felonious Possession of Cocaine and Carrying a Concealed Weapon. These charges are waiting trial in Guilford Co. N. C.

Defendant's contention that the information contained in the affidavit failed to provide a sufficient basis for a finding of probable cause to search is without merit. This Court has held that the requirement that the informant be reliable and credible is met where the affidavit contains a statement that the informant had given "this agent good and reliable information in the past . . . that had been checked by the affiant and found to be true." *State v. McKoy*, 16 N.C. App. 349, 352, 191 S.E. 2d 897, 899 (1972). The affidavit here stated that "Confidential Source of Information has given this affiant and SBI Agent Burns information for the past six months that has proven to be reliable. This information has been verified but has not led to arrests as of this date." The affidavit also stated "that they (informant) have been in the

presence of Gus Estep (defendant) during the last year, that on several occasions Source has purchased quantities of cocaine and marijuana, the latter being turned over to SBI Agent Burns for submittal to Raleigh Lab." The affidavit sufficiently outlined underlying circumstances showing that the informant was both reliable and credible.

The affidavit, dated 21 September 1981, further stated that "on the week-end of Sept. 19, 1981 Source saw approx ten pounds of mar... at the Estep home." *State v. Singleton,* 33 N.C. App. 390, 235 S.E. 2d 77 (1977), held an affidavit sufficient to establish probable cause where it stated that the informant had seen drugs in defendant's possession at his residence within the past 48 hours and that the informant had provided reliable information in the past. We hold that, as in *Singleton,* the requirements outlined in *Aguilar* and reiterated in *Hayes* have been met in the present case. "This affidavit specifically identifies the defendant, his residence, and the contraband in his possession at his residence. It explains the way in which the informant learned these facts, and it states that on a recent previous occasion the informant gave the affiant information which proved true. This is sufficient to meet the so-called *Aguilar* standard." *State v. Gibson,* 32 N.C. App. 584, 587, 233 S.E. 2d 84, 87 (1977).

[2] Defendant also contends that the affidavit was inadequate because it failed to disclose on its face that knowledge of the informant's statements was obtained by the affiant, Detective Bass, through a third party, SBI Agent Burns. We find no merit in this argument since this court has previously upheld a finding of probable cause based on an affidavit where the affiant received his information from a named informant who in turn received his information from an unnamed informant. *State v. Caldwell,* 53 N.C. App. 1, 279 S.E. 2d 852, *cert. den.* and *app. dismd.,* 304 N.C. 197, 285 S.E. 2d 102 (1981). Such an affidavit will satisfy the *Aguilar* test set out above as long as "it sets out facts upon which the magistrate could determine the reliability of both the unnamed informant and the named informant. . . ." *Id.* at 6, 279 S.E. 2d at 856. In the case *sub judice* we have already established that the affidavit set out facts upon which the magistrate could make his or her determination as to the reliability of the unnamed informant. Furthermore, this court has held that "where the named informant is a police officer, his reliability will be presumed." *Id.*

The fact that the named informant, Agent Burns, had found the undisclosed informant to be reliable in the past was sufficient basis for the affiant to rely on the same undisclosed informant. *State v. Williams*, 49 N.C. App. 184, 270 S.E. 2d 604 (1980). For these reasons we find that the defendant suffered no prejudice as a result of the affidavit's failure to clearly state that the affiant's information was obtained through a third party and not directly from the unnamed informant.

[3] Defendant's final assignment of error deals with the two vehicles which were seized by law enforcement officers during the search of his residence. Defendant argues that the court erred by denying defendant's pre-trial motion to suppress evidence concerning these two vehicles because they were not listed on the search warrant as items to be seized, and were therefore illegally seized. We find no merit in defendant's assignment of error since the evidence in question was properly seized under the "plain view" doctrine recognized by our courts. We have previously applied the "plain view" doctrine to allow the introduction into evidence of objects not specifically listed in the search warrant where "(1) there exists a nexus between the item to be seized and criminal behavior, and (2) the item is in plain view, and (3) the discovery of that item is inadvertent, that is, the police did not know its location beforehand and intend to seize it. . . ." *State v. Zimmerman*, 23 N.C. App. 396, 402, 209 S.E. 2d 350, 355 (1974), *cert. den.* 286 N.C. 420, 211 S.E. 2d 800 (1975).

The trial court found that the requirements of nexus, plain view and inadvertence were all met under the facts of the present case. Its findings can be disturbed only where they are not supported by competent evidence. *State v. Small*, 293 N.C. 646, 239 S.E. 2d 429 (1977). We find competent evidence in the record to support such a finding. The officers intended to search for and seize the drugs specifically referred to in the search warrant in the places where they were likely to be, when they arrived at defendant's residence on 21 September 1981. The testimony of Detective Bass at the pre-trial hearing indicated that the cars were discovered when the garage, which was attached to the house, and an automobile in a detached building were searched for drugs. Since the search warrant application stated that the unnamed informant "has seen on occasions drugs stashed in the . . . Garage area and automobiles at the residence of Estep," the

officers were within the scope of the search warrant while searching defendant's garage and any automobiles on defendant's property. Upon searching the two automobiles, law enforcement officers became suspicious and a subsequent check revealed that the two vehicles had been stolen within the last two months. This was sufficient basis for a finding that the vehicles had been properly seized and were therefore admissible evidence at trial.

For the above reasons, in the denial of defendant's motion to suppress and the acceptance of defendant's guilty plea, we find

No error.

Judges HEDRICK and JOHNSON concur.