STATE v. MILLOWAY

[94 N.C. App. 579 (1989)]

---

STATE OF NORTH CAROLINA v. RICHARD BENNETT MILLOWAY

No. 885SC1304

(Filed 5 July 1989)

**Searches and Seizures § 24— issuance of search warrant—probable cause shown—incriminating statements from informants**

There was a substantial basis for the trial court's finding that probable cause existed for issuance of a search warrant where the informants' reliability was demonstrated by their making incriminating statements, and statements that defendant sold marijuana out of his residence and had hired three people to steal additional marijuana and deliver it to his residence supported a finding that a fair probability existed that evidence of a crime involving possession of a controlled substance would be found at his residence.

STATE v. MILLOWAY

[94 N.C. App. 579 (1989)]

APPEAL by defendant from *Llewellyn, James D., Judge*. Judgment entered 7 September 1988 in NEW HANOVER County Superior Court. Heard in the Court of Appeals 17 May 1989.

This is a criminal case wherein defendant seeks the reversal of the trial court's denial of his motion to suppress evidence obtained during a search of his residence, as well as to set aside his conviction based in part upon that evidence. The evidence presented at the suppression hearing tended to show that law enforcement officers investigating a break-in at the Morningstar Mini Storage business in Wilmington, North Carolina arrested three individuals at the scene. The officers found over fifteen pounds of marijuana in the individuals' possession at that time, and discovered that a lock securing one of the storage units had been broken. A police canine alerted the officers to the presence in the unit of a residue of a controlled substance.

Scott Renner, one of the individuals arrested at the storage facility, told the officers that a man named Richard, who lived at 115 Lion's Gate, had approached him and his friends with the idea of breaking into the storage unit and removing the marijuana contained therein. Richard was supposed to sell the drugs for a man from California, but he told Renner that if they were stolen from the storage unit then the man would not hold him responsible for the loss. Renner was told to take the marijuana, hide it under the porch of Richard's house at 115 Lion's Gate, and take money out of the electrical box on the side of the house.

Another one of the three persons arrested at the storage facility, John Stawicki, told officers that a man named Richard, who lived at 115 Lion's Gate, told him that he could earn $1,000.00 if he stole marijuana from storage unit #43 and put it under Richard's house. He also stated that he had purchased marijuana from Richard in the past. No evidence regarding statements made by the third individual, James Keith, was presented at the hearing.

Law enforcement officers determined that the storage unit that had been broken into was rented to Richard M. Bennett. Detective E. C. Gibson of the Wilmington Police Department testified that he learned from Carolina Power & Light Company that one Richard Bennett Milloway paid for utilities at 115 Lion's Gate. Gibson and other officers went to this apartment, found defendant there, and served a warrant for his arrest. He denied their request

to search the apartment. Gibson left defendant with the other officers and obtained a search warrant.

Lieutenant S. A. Causey of the New Hanover County Sheriff's Department testified that defendant consented to a search of his apartment approximately thirty minutes after Detective Gibson left. Lieutenant Causey decided to wait until Detective Gibson returned with the warrant. When Gibson returned he served the search warrant, and then the officers obtained defendant's permission to search in writing. Causey denied having said anything to defendant in an attempt to coerce his consent.

The law enforcement officers seized items including a weapon and controlled substances during the search. The trial court denied defendant's motion to suppress the evidence. Defendant received a sentence of eighteen months' imprisonment for possession with intent to sell and deliver marijuana following his guilty plea.

*Attorney General Lacy H. Thornburg, by Assistant Attorneys General Robert E. Cansler and William B. Ray, for the State.*

*Peters, Register, Satterfield & Mitchell, by Anthony L. Register, for defendant-appellant.*

WELLS, Judge.

Defendant assigns error to the trial court's denial of his motion to suppress, arguing first that the search warrant application lacked any indicia of probable cause. In evaluating this contention we quote the standard adopted by our Supreme Court in *State v. Arrington*, 311 N.C. 633, 319 S.E. 2d 254 (1984):

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Id. (quoting Illinois v. Gates, 462 U.S. 213 (1983)).*

The search warrant application completed by Detective Gibson stated, in part, the following:

[O]n 4 May 1988, James Leon Kieth II [sic], Scott Christopher Renner, and John Wesley Stawicki were charged . . . with the possession of . . . marijuana. These subjects gave statements stating that they were hired by Richard Bennett Milloway to break into Unit #43 of Morningstar Mini Storage and steal the marijuana for which they were to receive $1000.00 when they carried the marijuana to Milloway's apartment at #115 Lion's Gate. These subjects further stated that they have purchased marijuana from Richard Bennett Milloway at 115 Lion's Gate and that Milloway owns a M-14 rifle.

Defendant's criticism of the application centers on its reliance upon statements made by the three people arrested at the storage business; he argues that it did not establish the informants' reliability. This argument fails to recognize the degree of flexibility inherent in the totality of the circumstances standard for determining probable cause. *See State v. Barnhardt*, 92 N.C. App. 94, 373 S.E. 2d 461, *disc. rev. denied*, 323 N.C. 626, 374 S.E. 2d 593 (1988). Although the affidavit did not state that the informants had been reliable in the past, its recitation of their self-incriminating remarks provided an alternative ground upon which to find their statements to be reliable.

Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search.

*Arrington, supra* (*quoting United States v. Harris*, 403 U.S. 573 (1971)).

Defendant also criticizes the application because he contends that it did not set out any basis of knowledge from which to believe that evidence would be found in his apartment. We disagree and note that the affidavit stated that defendant had sold marijuana out of his residence, and that defendant had hired three people to steal additional marijuana and deliver it to his residence. These statements support the finding that a fair probability existed that evidence of a crime involving possession of a controlled substance would be found at his residence.

STATE v. MILLOWAY

[94 N.C. App. 579 (1989)]

We hold that there was a substantial basis for the trial court's finding that probable cause existed. We overrule this assignment of error.

Defendant next contends that the trial court erred in denying his motion to suppress because the affidavit "recklessly misrepresented and misstated facts." He asserts that although the affidavit purported to rely on statements made by each of the three individuals arrested at the storage business, testimony at the suppression hearing revealed that in fact only one of the three gave a complete statement. We note that the officers' testimony at the suppression hearing did not present the statements made by Keith or Stawicki in as great a detail as those of Renner, but all of the testimony regarding these statements was entirely consistent with that supplied in the affidavit. Defendant did not, furthermore, attempt to elicit any clarifying testimony during cross-examination from the officers regarding the statements made by Keith or Stawicki.

Defendant also points to the portion of the affidavit that stated his full name. The three individuals identified the person who hired them only as Richard; the full name, Richard Bennett Milloway, was found during subsequent research based upon the address they supplied. Although the affidavit did not clearly state the source of the information regarding the suspect's full name, this does not render the affidavit invalid. The magistrate's inquiry in a probable cause determination focuses on the circumstances set forth in the affidavit; the inquiry does not extend to investigating the correctness of those circumstances. *State v. Kramer*, 45 N.C. App. 291, 262 S.E. 2d 693, *disc. rev. denied*, 300 N.C. 200, 269 S.E. 2d 627 (1980).

Because we hold that the trial court correctly determined that the search warrant was supported by probable cause we do not address defendant's remaining assignment of error.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.