## STATE v. RIGGS

[96 N.C. App. 595 (1989)]

STATE OF NORTH CAROLINA v. BOBBY MAY RIGGS AND PAMELA RIGGS

No. 884SC1104

(Filed 19 December 1989)

**Searches and Seizures § 26 (NCI3d) — application for warrant — insufficiency of showing of probable cause — information from informers unreliable**

An affidavit did not provide a substantial basis for a finding of probable cause for issuance of a search warrant where there were statements concerning subjects going to defendants' driveway, walking toward their home and returning with drugs, but there was no statement in the affidavit that the drugs were purchased from defendants in their home; there was no statement that drugs were seen on the premises; subjects with whom the informants dealt were not searched for contraband before they went to defendants' home; in one instance, a subject made a detour to another location before going to defendants' residence; there were periods of surveillance during which the subjects disappeared from the view of officers; though each source was described in the affidavit as being confidential and reliable, the affiant stated at trial that he had mistakenly represented one of the two sources as reliable when he did not know that to be a true fact; and the magistrate testified that he relied solely on the information in the affidavit in making his decision.

**Am Jur 2d, Searches and Seizures §§ 65, 69.**

APPEAL by defendants from *Reid (David E., Jr.), Judge.* Judgments entered 19 November 1987 in Superior Court, ONSLOW County. Heard in the Court of Appeals 10 May 1989.

Defendant, Pamela E. Riggs, was convicted of simple possession of marijuana and possession of drug paraphernalia. For these convictions, a 30-day suspended sentence and a 60-day active sentence were imposed respectively. Defendant, Bobby May Riggs, was convicted of simple possession of marijuana for which a 30-day suspended sentence was imposed. He was also convicted of possession of drug paraphernalia for which he was sentenced to a one-year term of imprisonment.

STATE v. RIGGS

[96 N.C. App. 595 (1989)]

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James B. Richmond, for the State.*

*Gaylor, Edwards, Vatcher & Bell, by Jimmy F. Gaylor, for defendant-appellants.*

ORR, Judge.

The first issue raised by defendants' appeal is whether the affidavit which was presented to the magistrate was sufficient to support the magistrate's finding of probable cause for the issuance of a search warrant. Defendants first argue that the information contained in the affidavit is insufficient to establish the presence of contraband in their home. Secondly, defendants contend that the reliability or veracity of the two informants and their basis of knowledge is questionable and is therefore insufficient to support the issuance of a search warrant. The State contends that the facts as stated in the affidavit are sufficient to support the magistrate's issuance of the warrant to search defendants' home. Because we conclude that the denial of defendants' motion to suppress was error, we have included a brief discussion of their second issue along with our consideration of their first one.

On 27 March 1987, Deputy B. W. Floyd with the Onslow County Sheriff's Department completed an application for a warrant to search defendants' residence. A sworn, three-page affidavit was attached to the application. Pertinent parts of that affidavit are set out below:

> Source stated that to purchase marijuana from the above described *residence* the [s]ource would bring a subject who is known and trusted by Riggs to the driveway of the above described residence, there the subject would walk to the above described *residence* purchase the marijuana . . . return to the vehicle and deliver the marijuana to the [s]ource.

> On 3-25-87 [a]ffiant met with the [s]ource, the [s]ources [sic] vehicle and person was [sic] searched with no contraband being found. The [s]ource was issued $45.00 of Onslow County narcotics monies, [sic] the [s]ource thereafter was constanly [sic] under surveillance[;] the [s]ource then met with a [s]ubject known and trusted by Riggs, the [s]ource and this [s]ubject then traveled to the driveway of the above described residence, the [s]ource subsequently stated to affiant that at this point $45.00 was

given to the subject and the subject walked down the driveway to the above described residence. Shortly thereafter the subject returned to the [s]ource's vehicle and the [s]ource stated that the subject delivered to the [s]ource appox. [sic] ¼ oz[.] of marijuana, the [s]ource then drove the [s]ubject a short distance away and dropped the subject off. [T]he [s]ource then came directly to affiant and turned over . . . appo. [sic] ¼ oz[.] of marijuana . . . .

This [s]ource is reliable in that this [s]ource knows what marijuana looks like and the information this [s]ource has given to affiant is [sic] always been found to be true and exact[.]

On 2-26-87 Deputy Sheriff L. S. Stevens and affiant searched a separate [s]ource of information and found no contraband. Deputy Stevens issued this [s]ource $45.00 and equiped. [sic] the [s]ource with a liste[ning] device. The [s]ource was then followed by Deputy Stevens and affiant to a residence where the [s]ource gave a subject the $45.00. This subject was then followed to the above described residence and then back to the [s]ubjects [sic] residence where the [s]ubject delivered to the [s]ource appox [sic] ¼ oz. of marijuana. Deputy Sheriff Stevens [sic] [s]ource knows what marijuana looks like and has made 2 controlled purchases of narcotics in Onslow Co. for Deputy Stevens—and given information that has led to the arrest of 1 narcotics violat[or] . . . the information Deputy Steven's [sic] [s]ource has provided has always [been] found to be true and exact.

On 4-23-87 Bobby Riggs pled guilty to Felony Possession of Marijuana[.] (Italicized words were added in the margin.)

In addition to the information set out above, the affidavit also gave directions to and a description of the Riggs' residence.

The warrant was issued and the search resulted in the seizure of a small quantity of marijuana and numerous pieces of drug paraphernalia. Thereafter, on 24 July 1987 and 26 August 1987, defendants Pamela and Bobby Riggs filed motions to suppress the evidence which was seized during this search. By orders dated 17 November 1987, their motions were denied. They now appeal their convictions based upon the admission of that evidence.

Turning first to the statutory law in North Carolina, we note that each application for a warrant must be in written form and

contain, among other information, "[a] statement that there is prob-able cause to believe that items subject to seizure . . . may be found [at the premises to be searched] . . . ." G.S. 15A-244 (1988). Furthermore, the statement must be supported by one or more affidavits which particularly state "the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched . . . ." *Id.* Once that evidence has been made a part of the application, the issuing official must determine whether "the application meets the requirements of [Article 11] . . . ." G.S. 15A-245 (1988). The official must thereafter determine whether there is "probable cause to believe that the search will discover items specified in the ap-plication which are subject to seizure . . . ." *Id.* If probable cause is found, the official must issue the warrant. *Id.*

After reviewing the record before us, we find that this affidavit did not provide a sufficient basis for the magistrate's issuance of the search warrant because there was no substantial basis for a finding of probable cause. Therefore, the trial court erred in denying defendants' motions to suppress. Defendants are entitled to a new trial for the following reasons.

In previous cases, we have reiterated the rule of law which states that:

> [i]n order to show probable cause, an affidavit must establish reasonable cause to believe that the proposed search for evidence of the designated offense will 'reveal the presence upon the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender.'

*State v. Goforth*, 65 N.C. App. 302, 307-08, 309 S.E.2d 488, 492 (1983) (quoting *State v. Campbell*, 282 N.C. 125, 129, 191 S.E.2d 752, 755 (1972) ). In the *Goforth* case, just as in the case at bar, the affidavit failed to implicate the premises to be searched. Here, we have statements concerning subjects going to defendants' driveway, walking toward their home and returning with drugs. There was no statement in the affidavit that the drugs were pur-chased from *defendants* in their *home*.

Furthermore, in looking at other cases in which the question of the validity of search warrants has been determined, we find that the affidavit here does not meet the particularity requirement which G.S. 15A-244 imposes. *See State v. Beam*, 325 N.C. 217,

381 S.E.2d 327 (1989) (affidavit contained a statement that the informant had seen approximately one pound of marijuana at the defendant's home one week before the affidavit was sworn); *State v. Milloway*, 94 N.C. App. 579, 380 S.E.2d 596 (1989) (affidavit stated that several subjects were hired to deliver marijuana to defendant at his residence and that defendant had sold them marijuana from his residence on other occasions); *State v. Barnhardt*, 92 N.C. App. 94, 373 S.E.2d 461, *disc. rev. denied*, 323 N.C. 626, 374 S.E.2d 593 (1988) (affidavit stated that cocaine was seen at the defendant's residence within 24 hours of the affidavit being sworn). In each of these cases, contraband was seen directly on the premises by some person who then relayed this information to the affiant.

Here, we have no such connection between contraband and the Riggs' residence. In fact, in reviewing these cases, the similarities between *Goforth* and the case at bar become more apparent. The affidavit in *Goforth* detailed the "comings and goings" of persons to and from the home of the defendant. *Goforth*, 65 N.C. App. at 307, 309 S.E.2d at 492. There was no statement that drugs were seen on the premises. Although it is true that several of these persons were searched by officers after they left the Goforth residence and no drugs were found, whereas the subjects here turned drugs over to the two sources, this distinction is not significant enough to render the rule in *Goforth* inapplicable to the case at bar. Indeed, in the case at bar, the subjects with whom the informants dealt were not searched for contraband before they went to the Riggs' home. And, in one instance, a subject made a detour to another location before going to the Riggs' residence. Likewise, there were periods of surveillance during which these subjects disappeared from the view of the officers which left them free to have contact with persons other than the defendants.

Additionally, as defendants argue in their second issue, each source was described in the affidavit as being confidential and reliable. However, at trial, Deputy Floyd stated, on cross-examination, that he had mistakenly represented one of the two sources as reliable when he did not know that to be a true fact. Although he admitted to having read over his affidavit and corrected other errors, Deputy Floyd said he had not noticed this error.

The magistrate testified that he relied on the information in the affidavit in making his decision; he did not distinguish one

source from the other. He did not question the officer about the facts in the affidavit or about any other facts pertaining to this case. Consequently, even if the affidavit had contained enough information to support a finding of probable cause, and we conclude that it did not, the magistrate's decision would have been based, in part, on incorrect information. Given the statutory requirement that each written application for a search warrant must be sworn to and accompanied by an affidavit which particularly sets out material facts which establish probable cause, it is imperative that those facts are represented accurately. See G.S. 15A-244. To allow magistrates to rely upon affidavits which are materially inaccurate would make a mockery of the rules which were enacted to protect the rights of citizens from unreasonable searches and seizures. "The interest of a defendant to be free from unlawful searches and seizures is, of course, a fundamental constitutional and statutory right in North Carolina." State v. Hyleman, 324 N.C. 506, 510, 329 S.E.2d 830, 832 (1989). Therefore, just as our courts have not allowed "bare bones" or conclusory affidavits to support the issuance of search warrants, neither would it be prudent for us to allow an affidavit which contains conclusory and inaccurate statements of material facts to support the warrant here. Id.

The search warrant here was invalid because it was issued based upon evidence which failed to establish probable cause. Therefore, the evidence obtained upon the execution of this warrant is inadmissible against these defendants. A new trial is hereby ordered.

New trial.

Judges EAGLES and PARKER concur.