ZACHARY, Judge, dissenting
The Fourth Amendment functions at its core to prohibit the government from subjecting its citizens to unreasonable searches and seizures. The existence of a warrant supported by probable cause *173 protects this right, but only if it is inherently dependable. E.g., Brinegar v. United States , 338 U.S. 160, 175, 69 S.Ct. 1302, 1310-11, 93 L.Ed. 1879, 1890 (1949). Because of the lack of information concerning the reliability of the unknown middleman, the lack of detail regarding the controlled purchases, and the lack of independently corroborated facts contained in the *861 affidavit, probable cause to search defendant's home was not established, and I respectfully dissent.
I.
The majority quotes State v. Riggs and insists that our inquiry today is limited to determining "whether, given all the circumstances set forth in the affidavit before the magistrate, ... there is a fair probability that contraband ... will be found in a particular place." 328 N.C. 213, 218, 400 S.E.2d 429, 432 (1991) (citations and quotation marks omitted). The full scope of this Court's review, however, is "whether, given all the circumstances set forth in the affidavit before the magistrate, including veracity and basis of knowledge of persons supplying hearsay information , there is a fair probability that contraband ... will be found in a particular place." Riggs , 328 N.C. at 218, 400 S.E.2d at 432 (citations and quotation marks omitted) (emphasis added). Probable cause to search "exists where 'the facts and circumstances within ... the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar , 338 U.S. at 175-76, 69 S.Ct. at 1311, 93 L.Ed. at 1890 (quoting Carroll v. United States , 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555 (1925) ) (alterations omitted). The requirement that an inquiry be conducted into the "veracity and basis of knowledge of persons supplying hearsay information" provides the degree of reliability necessary to protect the security of citizens in their homes from the unwarranted intrusion of the government long contemplated by the Constitution. This is the basis of my dissent.
II.
In the instant case, the only information contained in the affidavit supporting the application for search warrant that ties this defendant's home to the sale of narcotics was the hearsay information related to the two controlled purchases. An unidentified "middleman" conducted the controlled purchases rather than the confidential informant, and no basis was provided which would justify reliance on the middleman. Nevertheless, in holding that the magistrate had a substantial basis for concluding that probable cause existed, the majority focuses on Detective Ladd's experience and his report that:
*174 [o]n two occasions, Detective Ladd personally observed his confidential source meet the middleman and travel to Defendant's residence, where the middleman entered and exited shortly thereafter. The confidential source, who had been searched and supplied with money to purchase controlled substances, provided Detective Ladd with MDMA and heroin after his interaction with the middleman. Detective Ladd also observed other traffic in and out of the residence.
This statement establishes merely that the unknown middleman entered defendant's home, and that the confidential informant provided law enforcement officers with drugs at some time thereafter. Under this analysis, the focus is on the drugs that the confidential informant delivered to the officers, which ostensibly were acquired inside Defendant's home. Without that connection, there can be no probable cause.
III.
To be sure, the facts provided in an application for a search warrant need not always have been personally observed or obtained by a law enforcement officer in order to support a finding of probable cause. Information gleaned from a third-party may support a finding of probable cause. Jones v. United States , 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed. 2d 697, 707 (1960). In the context of third-party information, however, the totality of the circumstances test requires that the nature of the third-party information "be such that a reasonably discreet and prudent person would rely upon [it.]" State v. Arrington , 311 N.C. 633, 636, 319 S.E.2d 254, 256-57 (1984) ; see also Illinois v. Gates , 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed. 2d 527, 548 (1983) ; State v. Johnson , 143 N.C. App. 307, 310, 547 S.E.2d 445, 448 (2001). Accordingly, where an officer applies for a search warrant in reliance upon information that was supplied by a third-party, probable *862 cause demands an analysis of whether there is "a substantial basis for crediting the hearsay[.]" Jones , 362 U.S. at 269, 80 S.Ct. at 735, 4 L.Ed. 2d at 707 ; see also Alabama v. White , 496 U.S. 325, 328, 110 S.Ct. 2412, 2415, 110 L.Ed. 2d 301, 308 (1990) ("[A]n informant's 'veracity,' 'reliability,' and 'basis of knowledge' ... remain 'highly relevant in determining the value of [the officer's] report.' ") (quoting Gates , 462 U.S. at 230, 103 S.Ct. at 2328, 76 L.Ed. 2d at 543 ); Arrington , 311 N.C. at 643, 319 S.E.2d at 261 (adopting Gates regarding "the sufficiency of probable cause to support the issuance of a search warrant").
There are various factors relevant to the determination of whether there is a substantial basis for crediting third-party information. A *175 recurrent consideration is whether the tip is accompanied by statements in the affidavit establishing that the informant is a reliable source. See e.g. , Riggs , 328 N.C. at 219, 400 S.E.2d at 433. The affiant's statement that the informant has provided law enforcement officers with accurate information in the past is usually sufficient to establish the informant's reliability under this standard. E.g. , id. at 218, 400 S.E.2d at 432 ("[T]he informant ... had made two prior controlled purchases of drugs and also previously had given accurate information which resulted in the arrest of a 'narcotics violator.' Such evidence established that informant's reliability.").
In contrast, probable cause is more difficult to satisfy under the totality of the circumstances test where the information supporting an officer's application for search warrant was provided by an unverified or an anonymous source. In such a case, additional indicia of reliability must be present. See Gates , 462 U.S. at 237-38, 244, 103 S.Ct. at 2331-32, 2335, 76 L.Ed. 2d at 548, 552. A tip that was provided by an anonymous source will often be unable to satisfy the requisite indicia of reliability without a generous level of detail, or without essential facts that law enforcement officers were able to independently corroborate. See e.g. , White , 496 U.S. at 329, 110 S.Ct. at 2416, 110 L.Ed. 2d at 308 ("Some tips, completely lacking in indicia of reliability, would ... require further investigation before a [search] would be authorized[.]") (citation and quotation marks omitted); State v. Trapp , 110 N.C. App. 584, 588-89, 430 S.E.2d 484, 487-88 (1993). The extent of the details provided in the tip and the officer's ability to corroborate the information will factor considerably into the totality of the circumstances to be reviewed. Gates , 462 U.S. at 241-42, 245, 103 S.Ct. at 2333-34, 2335-36, 76 L.Ed. 2d at 550-51, 552.
Likewise, where law enforcement officers apply for a search warrant based upon information gleaned from a controlled purchase that was executed by a third-party informant, the reliability of the controlled purchase itself must be analyzed in order to determine whether it was sufficient to support a finding of probable cause. Relevant indicia of reliability often include statements in the affidavit that either: (1) the source was reliable; (2) the source was searched for drugs immediately before and after the controlled purchase; (3) the source wore a hidden video or audio surveillance device during the controlled purchase; or (4) law enforcement officers observed the source engaging in the hand-to-hand sale with the defendant. See e.g., Riggs , 328 N.C. at 214-16, 400 S.E.2d at 430-31 ; State v. Stokley , 184 N.C. App. 336, 341, 646 S.E.2d 640, 644 (2007). Where such protective measures are taken, this Court has generally held that information obtained from a controlled purchase was *176 sufficiently reliable under the totality of the circumstances to support the issuance of a search warrant. See e.g. , Stokley , 184 N.C. App. at 341, 646 S.E.2d at 644 ; Johnson , 143 N.C. App. at 311, 547 S.E.2d at 448 ; Cf. State v. Collins , 216 N.C. App. 249, 250, 716 S.E.2d 255, 255-56 (2011). Where such protective measures are circumvented, however, the courts become more concerned with the satisfaction of the constitutional requisites for issuance of a search warrant.
The reliability of a controlled purchase must be particularly scrutinized by magistrates where the reliability of the source of the operation cannot be shown. In such a case, a greater level of detail or independent corroboration must be present in order for the operation to support a finding of probable cause. See *863 State v. Brody , --- N.C. App. ----, ----, 796 S.E.2d 384, 388 (2017) ("The difference in evaluating an anonymous tip as opposed to a reliable, confidential informant's tip is that the overall reliability is more difficult to establish, and thus some corroboration of the information or greater level of detail is generally necessary.") (citation and quotation marks omitted) (alteration omitted).
IV.
While controlled purchases are often employed as a means to independently corroborate an anonymous tip, in the instant case, the operations are themselves the subject of the anonymity. Thus, the pertinent question is whether the controlled purchases offer sufficient indicia of reliability to support a finding of probable cause under the totality of the circumstances.
As the majority notes, the reliability of a narcotics operation that was conducted by an anonymous or unknown source has been addressed by this Court on only one prior occasion, in State v. Riggs . A comprehensive analysis of Riggs is necessary in order to understand its application to the instant case.
In Riggs , the application for search warrant provided that law enforcement officers had obtained information from a confidential informant that the defendant Bobby Riggs was selling narcotics. Riggs , 96 N.C. App. 595, 386 S.E.2d 599 (1989), rev'd , Riggs , supra . The confidential informant himself was shown to be reliable and, thus, so too was his tip. In light of that reliable tip, the officers subsequently conducted a controlled purchase in which the confidential informant arranged for an unwitting middleman to purchase narcotics from the defendant Bobby Riggs. Riggs , 328 N.C. at 214, 400 S.E.2d at 430. The confidential informant was searched before and after the operation and was equipped with an audio surveillance device during his interactions *177 with the middleman. Id. As officers watched, the middleman traveled by himself to the residence of defendants Bobby and Pamela Riggs and purchased narcotics from defendant Bobby Riggs outside in the driveway. Id. at 214-16, 400 S.E.2d at 430-31. The middleman then returned to his home and gave the narcotics to the confidential informant. Id.
On appeal from the trial court's denial of the defendants' motions to suppress, this Court concluded, in part, that a controlled purchase conducted outside of the defendants' home was insufficient to establish probable cause that narcotics would be found inside the home. Riggs , 96 N.C. App. at 598, 386 S.E.2d at 601. Our Supreme Court reversed and concluded that, because the magistrate was simply required to make a "common sense determination" of whether there was a fair probability that narcotics would be found in the home, the fact that the defendant had conducted the sale in the driveway to his home was sufficient to support the magistrate's finding of probable cause that narcotics would also be found inside the home. Riggs , 328 N.C. at 220-21, 400 S.E.2d at 434.
The majority maintains that "[t]he only practical difference between Riggs and the case sub judice was the use of a recording device by the confidential informant[.]" This distinction is, by itself, significant. However, it is also not the "only practical difference" involved. While the existence of the audio recordings alone certainly could have been sufficiently corroborative to support a finding of probable cause from the operation, the officers in Riggs were provided with reliable information tying the defendants to drug trafficking from the start. Id. at 215, 400 S.E.2d at 430. Thus, the controlled purchase in Riggs was both corroborated and corroborative. The combination of these factors provides the underpinning for our Supreme Court's determination in Riggs that the information in the affidavit was sufficient to support the magistrate's finding of probable cause. The initial suspicions were corroborated by the tips, the tips were corroborated by the controlled purchase, and the controlled purchase was corroborated by its own separate indicia of reliability.
The same cannot be said here. Although the confidential informant's veracity was established by his history of reliability with law enforcement, the confidential informant did not accompany the middleman into defendant's home. The confidential informant did *864 not observe the alleged drug transactions taking place, nor is this a case in which any hand-to-hand transactions were observed by law enforcement officers. Cf. Stokley , 184 N.C. App. at 340-41, 646 S.E.2d at 644. Further, the affidavit does not contain information implicating defendant's home from the outset, such as, for example, that the confidential informant *178 had claimed to have purchased narcotics from defendant in the past. Cf. id . The middleman was not searched before or after the alleged purchases, and the confidential informant was not searched after he met privately with the middleman before traveling to defendant's home. The confidential informant did not wear an audio or video surveillance device during his interactions with the unknown middleman.
The existence of any one of these safeguards would have helped to establish the reliability of the operations. However, no further details concerning the events inside defendant's home are provided. Rather, the only corroboration provided in the affidavit is the fact that the middleman and two other individuals were observed entering defendant's residence. This alone is wholly insufficient to establish probable cause in the instant case. E.g. , State v. Ford , 71 N.C. App. 748, 752, 323 S.E.2d 358, 361 (1984) ; State v. Hunt , 150 N.C. App. 101, 107, 562 S.E.2d 597, 601 (2002). Beyond the middleman having entered defendant's home, the affidavit sets forth no basis to otherwise justify law enforcement officers' or the magistrate's reliance on the assumption that the unknown middleman purchased the narcotics while he was inside.
While probable cause may indeed be established where the reliability of the source of an operation is wanting, such is the case only where the operation itself furnishes highly detailed information, or where the presumptions gathered from the operation have been independently corroborated. Gates , 462 U.S. at 234, 103 S.Ct. at 2330 76 L.Ed. 2d at 545. The reliability of the operation must be strong enough to compensate for lack of reliability of the source. Absent any such corroboration or additional detail, the essence of the affidavit in the case at bar established at most that the unknown middleman claimed to have purchased the drugs when he was inside defendant's home. I do not believe that it is constitutionally permissible for the officers or the magistrate to take an unknown middleman at his word, and I will not do so.
* * *
I am reluctant to allow an affidavit describing the anonymous purveyance of narcotics, and otherwise lacking in detail or corroboration, to serve as the primary justification for an intrusion into a private residence, "the most highly protected of all places under the Fourth Amendment[.]" Riggs , 328 N.C. at 222, 400 S.E.2d at 435. In upholding the issuance of the search warrant in the instant case, despite the insufficiency of the initial information leading to the operations and despite the use of a middleman whose identity and veracity remain a mystery, I fear that the majority has created a dangerous precedent allowing for the issuance *179 of search warrants upon a finding of less than probable cause. I would hold that, given the unusual facts of this case together with the absence of safeguards and indicia of reliability that are typically present in a controlled purchase, the application for a search warrant was insufficient to support the magistrate's finding of probable cause.